**4** W. T. GRANT COMPANY, Respondent, v REED & TOPPER, INC., Appellant.—Order, Supreme Court, New York County, entered on December 19, 1974, denying defendant's application for leave to serve an amended answer which would delete an admission made in its answer served in July, 1967, unanimously affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. This action, which arose out of an incident which occurred in April, 1965, was commenced in April, 1967 and issue was joined in July, 1967. Plaintiff has demonstrated that it would clearly be prejudiced by the amendment sought to be made, which amendment could easily have been attempted many years earlier. At this late date neither the records of the defendant, (which apparently went out of business before this action was commenced), nor those of the Interstate Commerce Commission are any longer available. Concur—Markewich, J. P., Kupferman, Capozzoli, Lane and Nunez, JJ.

■ BANKERS TRUST COMPANY, Respondent, v RAY FASSLER, Appellant.—Order entered in the Supreme Court, New York County, on October 11, 1974 granting plaintiff's motion for summary judgment unanimously affirmed, without costs and without disbursements. Special Term properly found that in this action wherein plaintiff seeks recovery upon defendant's written guarantee of a corporate debt and for counsel fees, defendant was required to lay bare her proof to establish that a triable issue exists. Defendant's naked denial that she ever executed a guarantee is insufficient. She does not assert that she did not execute the document annexed to the complaint, nor did she deny the validity of her signature at Special Term. Defendant's denials and affirmative defenses are conclusory and not factual and, therefore, insufficient to defeat the motion for summary judgment. (See, e.g., *O'Meara Co. v National Park Bank of N Y*, 239 NY 386, 395.) Concur—Markewich, J. P., Kupferman, Capozzoli, Lane and Nunez, JJ.

■ INTERNATIONAL MINING CORPORATION et al., Respondents, v AEROVIAS NACIONALES DE COLOMBIA S. A. et al., Appellants.—Order entered in the Supreme Court, New York County, on May 27, 1975, unanimously affirmed, with $40 costs and disbursements to respondents. This action for breach of contract was placed upon the nonjury calendar by defendant for trial. At a pretrial conference the court was informed by plaintiffs' counsel that plaintiffs had not intended to waive a jury trial and that the failure to timely demand a jury was caused solely through inadvertence due to unfortunate circumstances existing in such counsel's office. Thereafter Special Term granted plaintiffs' motion to restore the case to the general calendar, vacated their default in asking for a jury trial and placed the matter on the general jury calendar. Defendants appeal from that order. On the record before us, we find that Special Term correctly determined that plaintiffs' failure to file a timely jury demand was caused through inadvertence, without any intention to waive their rights to a trial by jury, and that defendants will not thereby suffer undue prejudice and, therefore, we affirm. (See CPLR 4102, subd [e].) Concur—Stevens, P. J., Murphy, Lupiano, Lane and Nunez, JJ.