Edward O. Provenzano, J.
Motions by the plaintiff (a domestic banking corporation) in both actions for summary judgment pursuant to CPLR 3212. The proofs submitted on the motions were sufficient to support the following findings of fact and conclusions of law.
FINDINGS OF FACT (Action No. 1)
On November 29, 1973 defendant Vaeth executed and delivered to plaintiff a pledge security agreement and assigned to plaintiff 30,000 shares of Evans Products Company stock. The foregoing were given to secure the payment of any and all indebtedness, direct or indirect, then existing or subsequently incurred, owing to the plaintiff by said defendant (and/or a named corporation).
On February 10, 1975 plaintiff lent Vaeth $150,000 with interest from said date, and Vaeth in return signed and gave to plaintiff a secured demand promissory note, payable "on demand after date” in the amount of said loan.
On April 17, 1975 a vice-president of the plaintiff corporation personally handed to Vaeth a written demand "calling” the said $150,000 loan and stating that if the principal and accrued interest thereon were not paid by April 25, 1975 the plaintiff bank would "execute our rights as to any and all collateral pledged to secure the loan”.
The defendant never made any payments of either principal or interest in connection with the said $150,000 loan.
Between May 9, 1975 and May 13, 1975 plaintiff caused the aforesaid pledged stock (30,000 shares of Evans Products Company) to be sold, through a broker, on the New York Stock Exchange.
On May 29, 1975 plaintiff received $163,459.77 from the *659 proceeds of the said stock sale and applied $150,000 thereof in extinguishment of the principal of the aforesaid demand loan of February 10, 1975.
Plaintiff seeks summary judgment in the amount of $5,933.32, alleged as interest on said loan accrued to May 29, 1975, together with interest from said date, costs and disbursements.
Defendant’s answer to the complaint contained general denials and an "affirmative defense” that the sale of the pledged stock was not made in good faith, was made without proper notice to defendant, and was not commercially reasonable because it was made at a time when the market therefor was severly depressed. In response to the summary judgment motion, however, defendant offered no evidentiary facts in support of the issues raised in his answer. Instead, he chose to rely on the legal effect and interpretation of the evidence submitted by the plaintiff.
The court is unable to determine the "contract” rate (or rates) of interest applicable between the parties in connection with the aforesaid demand loan. Neither the pleadings nor the affidavits submitted contain that information. A photocopy of the demand promissory note tends to create rather than dispel confusion in that regard. To the left of the printed % sign, the figure 12 Vi appears as typewritten. The figure 1214 appears as handwritten directly above the 1214, and the figure 12 appears as handwritten just to the right of the figure 1214.
According to plaintiff’s computations, shown on a photocopy of the reverse side of the note, the accrued interest from February 10, 1975 to March 1, 1975 was $1,533.32 (reflecting an annual rate of approximately 20%) and that from March 1, 1975 to May 29, 1975 was $4,400 (reflecting a rate of approximately 12%).
conclusions of law (Action No. 1)
No provision of law or contractual provision between the parties required the plaintiff to give the defendant any prior notice of the sale of the pledged stock. The stock was "collateral * * * of a type customarily sold on a recognized market” and was therefore exempt from the notice requirements of subdivision (3) of section 9-504 of the Uniform Commercial Code. (See Norton v National Bank of Commerce of Pine Bluff, 240 Ark 143; Turk v St. Petersburg Bank & Trust Co., 281 So 2d 534, 536 [Fla].) The purpose of notice is to afford the debtor an opportunity to protect his interests at the sale, or to *660 redeem prior thereto, to the end that the property be not sacrificed by a sale at less than its true value. (Gedhagan v Commercial Credit Corp., 130 Ga App 828; 2 Anderson, Uniform Commercial Code, Secured Transactions, § 9-504:8.) But the reason and need for notice disappear where, as here, the property consists of investment securities having, at any given time, a current dollar value on a ready market. "The reason for exempting from the notice requirement a transaction where there is a recognized market is that the price on the recognized market represents the fair market value from day to day. If there is a recognized market, theoretically, the best price at any given time is the current market price.” (Community Mgt. Assn. of Colorado Springs v Tousley, 32 Col App 33, 37.)
The proof submitted by the plaintiff established prima facie that the stock sale was "commercially reasonable” within the meaning of subdivision (3) of section 9-504 of the Uniform Commercial Code.
For failure to lay his evidence bare before this court, defendant cannot prevail in his opposition to the plaintiff’s motion for summary judgment. (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290-292; Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255; Bankers Trust Co. v Fassler, 49 AD2d 855.)
Plaintiff is entitled to summary judgment in the form requested in the complaint, but has not established to the satisfaction of this court that its damages are in the amounts claimed. Defendant’s promissory note of February 10, 1975 was a demand instrument within the purview of sections 3-108 and 3-122 of the Uniform Commercial Code. (Cf. Environics v Pratt, 50 AD2d 552.) O’Brien v Young (95 NY 428) established the rule in New York that where one contracts to pay a principal sum, with interest, at a certain future time, the "contract” rate of interest, if any, obtains until the maturity of the principal obligation and the "legal” interest rate obtains thereafter, whether such be more or less than the contract rate. (See, also, Isaias v Fischoff, 39 AD2d 850, affd 33 NY2d 941; Dime Sav. Bank v Carlozzo, 58 Misc 2d 821.) The O’Brien rule was extended and applied to demand instruments in Leumi Fin. Corp. v Richter (24 AD2d 855, affd 17 NY2d 166) the date of "default” rather than that of maturity separating the computation of interest at the contract rate from that at the legal rate. On a demand note it is clear that there *661 is no default until after demand by the holder (Official Comment, Uniform Commercial Code, § 3-122). The Uniform Commercial Code (§ 3-122, subd [4], par [a]) seems to accord with Leumi (supra). The portion of subdivision (4) of section 3-122 which states "Unless an instrument provides otherwise” still awaits judicial construction. For the present case, however, this court holds that the note in issue does not "provide otherwise” and that section 3-122 (subd [4], par [a]) is applicable here. To the extent that CPLR 5001 (subd [b]) may appear inconsistent, the court holds that section 3-122 (subd [4], par [a]) of the Uniform Commercial Code, being a more specific statute, shall control. The court further holds that April 25, 1975 (the "default” date), rather than April 17, 1975 shall be considered the "date of demand” within the meaning of section 3-122 (subd [4], par [a]). Therefore, applying section 3-122 (subd [4], par [a]) in conjunction with the O’Brien and Leumi cases (supra), the court concludes that plaintiff is entitled to summary judgment in the manner, but not the amount, claimed; that the interest accrued between February 10, 1975 and April 25, 1975 is to be computed at the contract rate (or rates), whatever such may have been according to agreement between the parties; and that the interest after April 25, 1975 is to be computed at the legal rate of 6% pursuant to CPLR 5004.
[Material omitted for purposes of publication.]
DIRECTIONS
In both actions, plaintiffs motions granted, to the extent of striking the defendants’ answers and granting summary judgments as herein stated. Provided, however, that entry of judgment in each action shall await an immediate consolidated trial as to damages thereon, pursuant to CPLR 3212 (subd [c]), more particularly for (a) the taking of proof and computation of interest in Action No. 1; (b) the calculation of interest in Action No. 2; and (c) the taking of proof and assessment of the value of attorneys’ fees in Action No. 2.
The above issues are referred to Part I of this court for an immediate trial pursuant to CPLR 3212 (subd [c]).