**Marjorie Congdon LeROY a/k/a Marjorie Congdon Caldwell, Appellant,**

v.

**The MARQUETTE NATIONAL BANK OF MINNEAPOLIS and William P. Van Evera and Thomas E. Congdon, Respondents.**

No. 50940.

Supreme Court of Minnesota.

June 19, 1981.

Meshbesher, Singer & Spence and Ronald I. Meshbesher, Minneapolis, Frank R. Berman, Beverly Hills, Cal., for appellant.

Johnson, Fredin, Killen Thibodeau & Seiler, Thomas R. Thibodeau and James A. Wade, Duluth, for respondents.

TODD, Justice.

Marjorie Congdon LeRoy (LeRoy) appeals from a judgment entered in the Hennepin County District Court awarding to trustees, as accommodation parties to a $345,000 promissory note executed by LeRoy and secured by Banco common stock, their costs incurred in connection with full payment of the note to Marquette National Bank of Minneapolis (Bank). LeRoy challenges the trial court decision alleging that the trial court lacked jurisdiction to consider the trustees' application and that the trustees' failure to give prior notice of the sale of the collateral bars their recovery of the deficiency judgment. We affirm the decision of the trial court.

The basic facts underlying this controversy were fully set forth in *LeRoy v. Marquette National Bank of Minneapolis*, 277 N.W.2d 351 (Minn.1979). Briefly, LeRoy sought to enjoin the trustees from directing the Bank to liquidate the common stock collateral and to apply the proceeds to reduce the loan. On appeal, we held that the trustees, as accommodation parties, were entitled to possession of and title to the collateral.

The trustees paid the obligation represented by the promissory note and received in exchange a full satisfaction of judgment and the delivery of the Banco common stock then valued at $214,156.25. The trustees sold the collateral without providing LeRoy with prior notice of the sale. Thereafter, the trustees applied to the trial court for a deficiency judgment to recover the costs incurred in returning the promissory note, less the proceeds from the sale of the collateral. The trial court entered judgment in favor of the trustees in the amount of $284,099.18, and LeRoy appealed.

This appeal presents two issues: (1) whether the trial court possessed the authority to consider the trustees' application; and (2) whether lack of notice of the sale of collateral operates as an absolute defense to a deficiency judgment.

■ 1. LeRoy argues that the Rules of Civil Procedure do not authorize the trial court to consider the trustees' request for relief in the form presented. While technically there is no provision in the rules for this application for entry of judgment, it is our view that such a strict construction is unwarranted where the adverse party receives adequate notice of the nature and scope of the proceedings in substantial compliance with the requirements of Minn.R. Civ.P. 7.02. Additionally, there is no dispute that the validity of a claim for excess sums expended by the trustees was recognized in *LeRoy v. Marquette National Bank of Minneapolis, id.* at 353.

2. The salient issue is whether prior notice of the sale of the collateral is required in order to recover a deficiency judgment.

Minn.Stat. § 336.9–504(3) (1980) deals with reasonable notification of the sale of the collateral and provides in pertinent part that:

> Unless collateral is perishable or threatens to decline speedily in value or *is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale* or reasonable notification of the time after which any private sale or other intended disposition is to be made *shall be sent by the secured party to the debtor,* if he has not signed after default a statement renouncing or modifying his right to notification of sale. [Emphasis added.]

A number of jurisdictions, when construing similar legislation, have held that lack of notice defeats any claim to a deficiency judgment asserted by the secured party, *see e. g., Skeels v. Universal C.I.T. Credit Corp.,* 222 F.Supp. 696, 702 (W.D.Pa. 1963) (federal court required strict compliance with notice of sale provisions and did not discuss the existence of a "recognized market" exception). However, it is our view that the more reasoned approach recognizes an exception if the collateral is of a type customarily sold on a recognized market. *See Marine Midland Bank-Rochester v. Vaeth,* 88 Misc.2d 657, 388 N.Y.S.2d 548 (1976).

It is generally accepted that notice is required to enable a debtor dissatisfied with the form of a potential sale of collateral to take reasonable steps to assure that the value of the property will not be unreasonably diminished. This protection is unnecessary where a recognized market exists because the current market value at least theoretically represents the fair market value of the property. Additionally, the sale procedure and form are established by commercial standards and are substantially regulated in the case of stock exchanges. For these reasons, we adopt the "recognized market" exception to the prior notice of sale requirement where the collateral is of a character susceptible to sale in that manner.

Based upon the foregoing and because we are satisfied that the record as a whole demonstrates that the sale of the collateral by the trustees was commercially reasonable, we affirm the judgment entered in the trial court.

Affirmed.