■ MACHINERY FUNDING CORP., Appellant, v STAN LOMAN ENTERPRISES, INC., et al., Respondents. — Order, Supreme Court, New York County (Bookson, J.), entered on September 17, 1981, denying plaintiff's motion for summary judgment is unanimously reversed, on the law, with costs and disbursements, the motion is granted and the matter is remanded to the Supreme Court, New York County, for an assessment of damages. It is axiomatic that in opposing a motion for summary judgment, a defendant, confronted by a prima facie showing of entitlement by a plaintiff, must demonstrate the presence of actual issues of fact. Such a defendant is required to assemble, lay bare and reveal his proofs in order to show that his defenses are real and capable of being established on trial, *Chemical Bank v Queen Wire & Nail* (75 AD2d 999), and it is insufficient to merely set forth averments of factual or legal conclusions. (*Lerner Stores Corp. v Parklane Hosiery Co.,* 54 AD2d 1072.) The bald assertion here that the waiver of the Statute of Limitations defense resulted from economic duress is patently insufficient to raise an issue of fact, absent a factual showing that the compulsion was such as to overcome the exercise of defendant's free will, *Gerstein v 532 Broad Hollow Rd. Co.* (75 AD2d 292), or that it was in relation to something which the plaintiffs did not have the legal right to do. (*Barchorik v Allied Control Co.,* 34 AD2d 940.) This is particularly so where it is uncontroverted that defendants were represented by counsel. In any event, the defendants failed to disaffirm these waivers and thus have not preserved the defense of coercion. (*John F. Egan, Inc. v City of New York,* 17 NY2d 90, 98.) The contention that payment had been made by the transfer of property is fully refuted by documentary evidence submitted by the plaintiff which unequivocally showed that the property was transferred to plaintiff as additional collateral and not in payment of a debt. As to the transfer of stock, it is not even claimed to have been in payment of the debt. The contention that Arlene Bash was discharged upon her guarantee by reason of the consolidation and extension of the loans without her consent is unavailing where by the express language of the guarantee "she consents to any modification of the terms * * * and or renewal or extension" of the loans "and agrees that no release, modification, waiver, renewal or· extension thereof shall affect or impair" her liability. The affidavit of Michael Bash, asserting that the signature of Arlene Bash on one of the notes is a forgery, is of no probative value

whatsoever. It is unsupported by any facts and offers no explanation as to why Arlene Bash has not submitted her own affidavit. Moreover, the bare denial that the guarantee was executed is insufficient to raise a triable issue. (See *Bankers Trust Co. v Fassler*, 49 AD2d 855.) In the absence of any triable issue of fact, summary judgment should have been granted. The damages claimed however, include attorney's fees which cannot be ascertained on papers alone. Accordingly, the matter is remanded to the Supreme Court for an assessment of damages. (CPLR 3213, subd [c].) Concur — Kupferman, J. P., Sullivan, Ross, Asch and Alexander, JJ.