**MARINE MIDLAND BANK**

v.

**John K. KILBANE.**

**Civ. No. Y–82–2390.**

United States District Court, D. Maryland.

Oct. 20, 1983.

Jordan M. Spivok, Rockville, Md., for plaintiff.

Douglas M. Bregman, Bethesda, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Marine Midland Bank, brought this action against John K. Kilbane, the guarantor of a $50,000 note executed by Robert Burke in favor of the bank. The two parties filed cross motions for summary judgment, and the Court granted the plaintiff's motion (reserving a decision as to one defense) in a Memorandum filed June 7, 1983. After further submissions to the Court, the plaintiff's motion for summary judgment was granted as to the remaining defense in a Memorandum filed July 27, 1983. Subsequently, the Court entered judgment in favor of the plaintiff for $50,000 plus costs and pre- and post-judgment interest.

The plaintiff has moved, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, that the judgment be altered to provide for an award of attorneys' fees and for a specific award of pre-judgment interest. Finding that an award of reasonable attorneys' fees is required under the contract which provided the basis for this suit, and that prejudgment interest is appropriate, the Court will alter the judgment to provide for attorneys' fees and prejudgment interest.

## ATTORNEYS' FEES

The attorneys for the plaintiff, Jordan M. Spivok and Paul B. Phinney III, seek an award of attorneys' fees under a clause of the guaranty, executed by the defendant, which provides:

> The undersigned further agrees to pay all costs and expenses, *including, without limitation, attorneys' fees*, at any time paid or incurred by Bank in endeavoring to collect the indebtedness or any part thereof in enforcing this Guaranty. (emphasis added).

As stated, the Court has entered judgment on behalf of the plaintiff in the amount of the guaranty. The defendant has not denied executing the guaranty.

■ As stated in the Memorandum in this case filed on June 7, 1983, New York law applies in the interpretation of terms of the guaranty. Under *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), this Court must apply the choice of law rules of the forum state, when, as here, it sits in diversity. The guaranty explicitly provides that it "shall be construed under the laws of New York state." And, under Maryland choice of law rules, "parties to a contract may agree as to the law which will govern their transaction." *Kronovet v. Lipchin*, 288 Md. 30, 43, 415 A.2d 1096 (1980). Therefore, New York law also applies to the clause of the guaranty granting attorneys' fees.

■ The plaintiff claims that it is due $12,500 in attorneys' fees, pursuant to the contract it executed with attorney Spivok for payment of fees in the case. That agreement provided that Spivok would be entitled to a contingency fee of 25 percent of the judgment entered in this case. However, under New York law, the plaintiff is entitled only to *reasonable* attorneys' fees, even if the contract itself had specified that the creditor would be entitled to recover—as attorneys' fees—a fixed percentage of

the total judgment entered against the debtor. *National Bank of North America v. Arthur R. Smith Mechanical Corp.,* 74 A.D.2d 600, 424 N.Y.S.2d 512 (1980); *Barclays Bank of New York v. Goldman,* 517 F.Supp. 403, 412 n. 15 (S.D.N.Y.1981). If a court must reduce attorneys' fees from an amount specified in the contract to an amount which is reasonable, a court must be even more cautious in a situation such as this, where the defendant had no control over, or input into, the amount of an attorneys' fee set by the plaintiff and its counsel. If a court was required to award the fee agreed upon by the plaintiff and its attorney, the bank and its attorney would have a tremendous incentive to negotiate an extremely large contingency fee, since that fee would simply be collected from the debtor, in addition to the underlying debt.

■ As an alternative method of calculation, the plaintiff has attached to its motion affidavits by the two attorneys who worked on the case, listing hours worked, tasks performed and billing rates. Having reviewed these documents and the quality of the submissions in this case, mindful of the size of the judgment entered in July, and having considered the size of fees for attorneys practicing in this area, the Court finds that the plaintiff's alternative calculation of attorneys' fees is fair and reasonable. Two attorneys have worked on this case for plaintiffs: Paul B. Phinney III served as New York counsel for the plaintiff and compiled 20.5 hours at $95 per hour, and Jordan Spivok, of Protas, Kay, Spivok and Protas, worked on the case for 47.5 hours, and his customary hourly rate is $100 per hour. The Court will award $6,700 in attorneys' fees to the plaintiff.

## PREJUDGMENT INTEREST

While the plaintiff's request for a specification of the amount of prejudgment interest is not strictly a Rule 59(e) motion to alter or amend judgment, since the judgment entered in this case provided for both pre- and post-judgment interest, the Court will take this opportunity to calculate and specify the amount of prejudgment interest which is appropriate.

■ The first question to be decided in calculating the prejudgment interest is which law to apply in setting the interest rate. Again, this Court must follow the choice of law rules of the forum under *Klaxon v. Stentor Electric Mfg. Co., supra.* Maryland honors choice of law clauses in contracts, generally. *Kronovet v. Lipchin, supra.* And this guaranty specifically stated that it would be construed under New York law. In a nearly identical situation—where a federal court sitting in diversity honored a choice of law clause in a contract under the choice of law rules of the forum state—it was held that the district court correctly applied the law on prejudgment interest of the state chosen by the parties in their contract. *SCA Services v. Lucky Stores,* 599 F.2d 178, 180 (7th Cir.1979). The choice of laws clauses in the *SCA Services* contract was slightly different than that at issue here, since it specifically mentioned that the "rights and liabilities" of the parties should be determined under Michigan law, while the guaranty here says simply that the guaranty and "the transactions evidenced thereby" is construed under New York law. But that difference has no relevancy. The rate of prejudgment interest is a matter of damages. If damages were considered to be a procedural matter, the Court would apply Maryland law, the law of the forum state. Restatement II(d), Conflict of Laws, § 122 comment (d). However, damages are considered to be a substantive matter. *Polylage v. Greyhound Lines, Inc.,* 401 F.Supp. 335, 337 (D.Md.1975). Thus, New York law determines whether the plaintiff is entitled to prejudgment interest, and if so, the amount.

■ The defendant argues first that, because the guaranty itself does not specify the rate of interest to be applied, no interest may be charged to the defendant on the guaranteed debt. The defendant correctly argues that guaranties are to be construed against the party drafting them. However, the defendant overlooks numer-

ous cases which hold that—where the underlying document specifically requires the debtor to pay interest, without specifying the rate (as is the case here)—the debtor may be charged the legal rate of interest after maturity of the underlying debt. *Door Knob Realty, Inc. v. Northrop*, 383 N.Y.S.2d 484, 86 Misc.2d 675 (N.Y.Sup.Ct. 1976); *Marine Midland Bank-Rochester v. Vaeth*, 388 N.Y.S.2d 548, 88 Misc.2d 657 (N.Y.Sup.Ct.1976); *Stull v. Feld*, 309 N.Y. S.2d 985, 34 A.D.2d 655 (N.Y.App.Div. 1970). Maryland law is in accord.

> Other jurisdictions which have considered the precise point have had little difficulty in construing the term "interest," when no specific rate is mentioned, to mean interest at the legal rate ... The justification for the decisions seems to be that these courts are not supplying a missing material term but simply ascertaining the intention of the parties by reference to that rate of interest that is prima facie reasonable in those states. *Paape v. Grimes*, 256 Md. 490, 494, 260 A.2d 644 (1970).

Therefore, the plaintiff is entitled to prejudgment interest.

The plaintiff has claimed prejudgment interest at the rate of 4 percent above prime for the $50,000 guaranteed by the defendant from September 20, 1980, the date when a demand for payment was first made upon the guarantor, until January 12, 1981, when "this interest rate became merged in a judgment entered ... against the principal maker." Many of the New York cases cited above were correctly cited by the defendant for the proposition that the interest rate chargeable to a debtor in this situation is the legal rate of interest, where the underlying instrument (here the *guaranty*, not the *promissory note*) does not specify the interest rate to be charged. Therefore, the plaintiff is entitled to prejudgment interest in the amount of $11,692, the sum of the legal interest rate in New York between September 22, 1980, and the date judgment was entered in this case, July 29, 1983.

For the reasons set forth herein, it is this 20th day of October, 1983, by the United States District Court for the District of Maryland, ORDERED:

1. That the judgment of this Court entered on July 29, 1983, BE, and the same IS, hereby altered to require that the defendant pay the plaintiff attorneys' fees of $6,700 and prejudgment interest of $11,692. These amounts are in addition to the judgment of $50,000, post-judgment interest on that sum, and costs which were awarded to the plaintiff in the judgment of July 29, 1983; and

2. That copies of this Memorandum and Order be sent to all counsel.