OPINION OF THE COURT
Edward H. Lehner, J.
The plaintiff, a tenant of a rent-stabilized apartment, seeks to recover (1) rent overcharges for the period from January, 1980 to January, 1984; (2) triple damages for overcharges from February, 1982; and (3) reasonable attorneys’ fees.
Defendant seeks to dismiss (1) all claims for rent overcharges accruing more than three years prior to commencement of the action, citing the three-year Statute of Limitations period set forth in CPLR 214 (subd 2) and (2) the claims for triple damages, attorneys’ fees, and interest, asserting that the Rent Stabilization Law (RSL; Administrative Code of City of New York, § YY51-1.0 et seq.) does not permit recovery for such items when the alleged overcharge occurred prior to April 1, 1984. Plaintiff has cross-moved for summary judgment.
TRIPLE DAMAGES
Prior to the enactment of chapter 403 of the Laws of 1983, there was no penalty for rent overcharges under the RSL other than a requirement that the tenant be refunded the amount unlawfully collected. (See RSL, § YY51-6.0, subd c, par [3], prior to 1983 amendment and Code of the Rent Stabilization Association of New York City, Inc., § 10, adopted pursuant thereto.)
However, by said chapter, section YY51-6.0.5 was added to the RSL to provide a triple damage penalty for a willful overcharge made after April 1, 1984. Hence, the claim for treble damages for the overcharges alleged in the complaint, all occurring prior to that date, must be dismissed.
*738 attorneys’ fees and interest
Section YY51-6.0.5 (subd a, par [4]) authorizes the recovery of attorneys’ fees in the event an owner is found to have overcharged and provides for the payment of interest on the amount overcharged from the date thereof. Since said amendment was not effective until April 1, 1984, defendant maintains that recovery may not be had for such fees in this action. The court disagrees.
Section YY51-6.0.5 is headed “Enforcement” and although the new right to recover treble damages for overcharges is included as one of the provisions thereof, one may proceed under said section to obtain a refund of overcharges (without treble damages) for excess rents collected prior to April 1, 1984, and the subdivision authorizing the collection of attorneys’ fees would be applicable to such claim. Thus, if this action were commenced today, a claim for attorneys’ fees would be viable. Similarly, if this action had been commenced without a request for such fees, the court would permit the pleading to now be amended to include such claim, since the statute is remedial in nature. (See McDermott v Pinto, 101 AD2d 224.) Therefore, the branch of the motion seeking to dismiss the claim for such fees is denied.
Under CPLR 5001 interest would be payable on the amount of any overpayment of rent from the date thereof. Consequently, the reference in the new statute to interest adds nothing to the existing rights and obligations of the parties.
STATUTE OF LIMITATIONS
Although the New York City Rent and Rehabilitation Law provides a period of limitations during which an action may be commenced to recover an overcharge under that statute (Administrative Code, § Y51-11.0), no similar provision appears in the RSL. Hence, the general Statute of Limitations governs claims for overcharges. As of April 1, 1984, CPLR 213-a became effective with respect to actions commenced after that date. It provides that an action to recover a residential rent overcharge must be instituted within four years of the overcharge. Since this action was commenced in March of this year, the section is inapplicable to the case at bar.
*739 CPLR 214 (subd 2) requires that an action must be instituted within three years to “recover upon a liability, penalty or forfeiture created or imposed by statute”. As indicated above, there is no penalty or forfeiture attached to pre-April, 1984 RSL overcharges. But, one may reasonably argue (as has defendant), that the obligation to repay the overcharge is a “liability” created by statute subject to the three-year limitation. However, the 1983 amendment to CPLR 213 (subd 2), excepting claims for rent overcharges from the six-year statute, would tend to indicate the Legislature’s belief that the six-year statute was theretofore applicable to such claims. The memorandum of its legislative sponsors indicates that the intent in creating a four-year limitation was to shorten the period of limitations. Accordingly, the court finds that the six-year limitation is applicable. Thus, the branch of the motion to dismiss the portion of the claim for rent overcharges between January 1,1980 and February 28,1981 based on the Statute of Limitations is denied.
CROSS MOTION FOR SUMMARY JUDGMENT
On the cross motion for summary judgment plaintiff alleges that the lawful rent paid by the tenant occupying the premises prior to plaintiff was $235 per month. Although such allegation is made by plaintiff’s attorney, on this motion for summary judgment defendant nevertheless had the obligation “to assemble, lay bare and reveal his proofs” to show the existence of a triable issue of fact. (Machinery Funding Corp. v Loman Enterprises, 91 AD2d 528.) Defendant presumably has possession of the prior lease and could assert the amount of rent paid by the prior tenant. Had a copy of such lease been attached to the papers, all issues on this motion could likely be resolved on the merits. Instead, defendant only submitted an affidavit by its attorney providing no information with respect to the prior tenancy, nor alleging that defendant lacks information concerning such tenant and the rent he paid, nor disputing plaintiff’s mathematical calculations.
In light of the foregoing the court grants the cross motion for summary judgment and the clerk is directed to enter judgment for the amount of the overcharge ($5,692.14) plus interest from February 1,1982 (an appropriate intermedi *740 ate date under CPLR 5001, subd [b]). The claim for attorneys’ fees is severed and upon plaintiff filing a note of issue and paying the appropriate fees, the clerk shall place said claim on the calendar for a hearing.