█ LEO RENNIE, Appellant, v BARBAROSA TRANSPORT, LTD., et al., Respondents.—Order, Supreme Court, Bronx County (Harold Tompkins, J.), entered September 30, 1988, which denied the plaintiff's motion for partial summary judgment on liability, is affirmed, without costs.

On the morning of April 21, 1986, at the intersection of Third Avenue and 126th Street, New York County, a collision occurred between a motor vehicle operated by Mr. Leo Rennie and a motor vehicle owned by Barbarosa Transport, Ltd. (Barbarosa) and operated by Mr. Reyes Guyven.

Thereafter, Mr. Rennie (plaintiff) commenced an action against Barbarosa and Mr. Guyven (defendants) to recover damages for the injuries he suffered in that accident as a result of the defendants' alleged negligence.

Following the joinder of issue, the plaintiff moved for partial summary judgment on liability. Defendants opposed. The IAS court denied that motion. Plaintiff appealed.

After our review of the record in this negligence case, we find that the plaintiff has not made a sufficient showing to justify summary judgment (Winegrad v New York Univ. Med. Center, 64 NY2d 851 [1985]). We reach this conclusion since "summary judgment is inappropriate where * * * competing inferences may reasonably be drawn as to whether defendant[s'] conduct constituted negligence" (Myers v Fir Cab Corp., 64 NY2d 806, 808 [1985]).

Summary judgment is seldom granted in negligence cases, "because even when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law" (Andre v Pomeroy, 35 NY2d 361, 364 [1974]).

It is hornbook law that "[t]he function of summary judgment is issue finding, not issue determination (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395; Allied Control Co. v C. F. A. Graphics, 43 AD2d 678; 175 Check Cashing Corp. v Chubb Pac. Indem. Group, 95 AD2d 701). On such a

motion the court should draw all reasonable inferences in favor of the nonmoving party *(Robinson v Strong Mem. Hosp.,* 98 AD2d 976) and should not pass on issues of credibility *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338)" *(Pantote Big Alpha Foods v Schefman,* 121 AD2d 295, 296-297 [1st Dept 1986]).

We stated in *Gibson v American Export Isbrandtsen Lines* (125 AD2d 65, 74 [1st Dept 1987]) that "[a]s repeatedly held, the remedy of summary judgment is a drastic one, which should not be granted where there is any doubt as to the existence of a triable issue *(Moskowitz v Garlock,* 23 AD2d 943, 944) or where the issue is even arguable *(Barrett v Jacobs,* 255 NY 520, 522), since it serves to deprive a party of his day in court. Relief should be granted only where no genuine, triable issue of fact exists *(see, Werfel v Zivnostenska Banka,* 287 NY 91)".

In the instant matter, some of the triable issues we find are: (1) although plaintiff contends that before the accident, he had the green light in his favor, and, that the defendant driver, Mr. Guyven, was allegedly proceeding at a dangerous rate of speed through a red light, did the plaintiff use reasonable care to avoid the accident *(Klayman v City of New York,* 130 AD2d 551, 554; *Sontag v Mulkerin,* 63 AD2d 699 [1978]) and, (2) since the plaintiff does not dispute the defendants' contention that it was drizzling at the time of the accident, did plaintiff use reasonable care under the weather conditions?

Although the dissent admits the defendant driver's statement, which asserts that the plaintiff caused the accident, contains allegations sufficient to raise a question of fact, the dissent contends that such statement should be rejected since it is not in affidavit form and, therefore, plaintiff's motion for summary judgment should be granted.

A unanimous Court of Appeals in *Winegrad v New York Univ. Med. Center (supra,* at 853) stated that, when a movant for summary judgment fails to "make a prima facie showing of entitlement to judgment as a matter of law", the motion must be denied "regardless of the sufficiency of the opposing papers".

Accordingly, based upon our analysis *supra,* we affirm. Concur—Kupferman, J. P., Ross, Milonas and Wallach, JJ.

Rubin, J., dissents in a memorandum as follows: The pleadings submitted in opposition to plaintiff's motion for summary judgment are insufficient as a matter of law to defeat the motion. Plaintiff has submitted proof in admissible form (his

sworn affidavit) to establish a prima facie case of negligence in the operation of a motor vehicle. In response to the motion for summary judgment, defendants have submitted only the affirmation of an attorney without personal knowledge of the facts and a writing, purported to be the unsworn statement of defendant Reyes Guyven, which disputes the material allegations of the complaint. This writing is not in admissible form. No excuse is stated for the failure to tender affidavits or other evidence of the existence of a genuine defense (*Di Sabato v Soffes,* 9 AD2d 297, 300).

In *Di Sabato v Soffes (supra,* at 299), this court enunciated the philosophy behind the extension of summary judgment to negligence cases with the statement: "One of the recognized purposes of summary judgment is to expedite the disposition of civil cases where no issue of material fact is presented to justify a trial. While the courts are cautioned to exercise the power to summarily direct judgment with full recognition that a party with a just claim or a valid defense is entitled to his day in court, *timidity in exercising the power in favor of a legitimate claim and against an unmerited one, not alone defeats the ends of justice in a specific case, but contributes to calendar congestion which, in turn, denies to other suitors their rights to prompt determination of their litigation"* (emphasis added). In holding that the statement offered by the defense is acceptable to defeat summary judgment, the majority has obviated the need to submit an affidavit by someone with personal knowledge of the facts, the need to offer any excuse for the failure to submit such an affidavit and the requirement to demonstrate the existence of a bona fide issue raised by evidentiary facts (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 231).

It is not subject to dispute that plaintiff's affidavit represents competent evidence by someone having personal knowledge of the facts upon a motion for summary judgment (CPLR 3212 [b]). His affidavit is sufficient to make out a prima facie case unless it can be said that it contains mere conclusory allegations (*Indig v Finkelstein,* 23 NY2d 728). In this instance, plaintiff in his verified complaint, verified bill of particulars and affidavit on the motion, sets forth a reasonably detailed description of the accident which, in the absence of opposing evidence, clearly entitles him to judgment against defendants.

Defendants' pleadings fall far short of any standard promulgated by the Court of Appeals for the sufficiency of opposing papers. The rule that a party opposing summary judgment

must "submit evidentiary facts or materials, by affidavit or otherwise * * * demonstrating the existence of a triable issue of ultimate fact" *(Indig v Finkelstein,* 23 NY2d 728, 729, *supra)* has been liberalized only to the extent that "the opposing party, as contrasted with the movant, may be permitted to demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form" *(Zuckerman v City of New York,* 49 NY2d 557, 562). As stated in *Phillips v Kantor & Co.* (31 NY2d 307, 312), "an affidavit setting forth names of witnesses, the substance of their testimony, how it was known what their testimony would be, and how the witnesses acquired their knowledge, might be sufficient to defeat a motion for summary judgment, without the witnesses' own affidavits" (citing *Indig v Finkelstein,* 23 NY2d 728, 730, *supra).* As a general rule, "[w]hether the excuse offered will be acceptable must depend on the circumstances in the particular case" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068).

In the matter under review, the record is entirely devoid of any excuse why the affidavit of defendant Guyven or his passenger at the time of the accident has not been submitted in opposition to the motion. While the allegations contained in the writing purported to be defendant's statement would be sufficient to raise a question of fact and defeat the motion if presented in acceptable form, in the absence of any explanation for the failure to submit an affidavit (from the witness or anyone else), the exception to the rule of *Indig v Finkelstein (supra)* may not be invoked. As the Court of Appeals emphasized, "[w]e have repeatedly held that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient *(Alvord v Swift & Muller Constr. Co.,* 46 NY2d 276, 281-282; *Fried v Bower & Gardner,* 46 NY2d 765, 767; *Platzman v American Totalisator Co.,* 45 NY2d 910, 912; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290)" *(Zuckerman v City of New York,* 49 NY2d 557, 562, *supra).* In this regard, the affidavit of counsel is accorded no probative value *(Hasbrouck v City of Gloversville,* 102 AD2d 905, *affd* 63 NY2d 916; *Farragut Gardens No. 5 v Milrot,* 23 AD2d 889) as it is unaccompanied by supporting documentary evidence *(Zuckerman v City of New York, supra,* at 563).

The case of *Winegrad v New York Univ. Med. Center* (64 NY2d 851), relied upon by the majority, is not at variance with these principles. It merely illustrates "that a searching of the record on a summary judgment motion is mandatory; it has even been known to take place on an appeal" (Siegel, NY Prac § 282). In reviewing the affidavits, the Court of Appeals observed that "defendant Jacobs has acknowledged that at least in some part the alleged injury actually occurred" (64 NY2d 851, 853, *supra*). As this court recently noted, issues of fact raised by evidence contained in the record will operate to preclude the granting of summary judgment *(Harris v City of New York,* 147 AD2d 186).

The question of whether an issue of fact is thus raised does not arise in the instant appeal because no evidentiary proof in admissible form contained in the record presents a triable issue of fact. The majority does not profess that any statement contained in plaintiff's verified complaint, verified bill of particulars or affidavit on the motion constitutes an admission such as the Court of Appeals, and the dissent at this court, found in *Winegrad (Winegrad v New York Univ. Med. Center,* 104 AD2d 748, 752 [dissenting opn by Fein, J.]). Rather, the issues the majority purports to find merely constitute culpable conduct by plaintiff which might be asserted in diminution of damages by defendant. However, as a matter of statute, this is "an affirmative defense to be pleaded and proved by the party asserting the defense" (CPLR 1412).

This court had occasion to construe the requirements for effective opposition to a summary judgment motion in the case of *Machinery Funding Corp. v Loman Enters.* (91 AD2d 528), stating: "It is axiomatic that in opposing a motion for summary judgment, a defendant, confronted by a prima facie showing of entitlement by a plaintiff, must demonstrate the presence of actual issues of fact. Such a defendant is required to assemble, lay bare and reveal his proofs in order to show that his defenses are real and capable of being established on trial *(Chemical Bank v Queen Wire & Nail,* 75 AD2d 999), and it is insufficient to merely set forth averments of factual or legal conclusions. *(Lerner Stores Corp. v Parklane Hosiery Co.,* 54 AD2d 1072.)" In *Machinery Funding,* this court rejected an *affidavit* alleging that a signature on a guarantee of payment was a forgery on the grounds that it was unsupported by facts and offered no explanation as to why no affidavit had been submitted by the surety herself (91 AD2d 528, 529, *supra*). The necessity for an affidavit from someone with personal knowledge of the facts was implicitly recognized.

Rules of civil procedure are designed to expedite the flow of litigation through the courts, not to serve as a means to protract a lawsuit and thereby delay the inevitable entry of judgment against a party whose case lacks merit *(Di Sabato v Soffes, supra)*. The defense in this case is predicated entirely on a statement written in longhand and obtained under unexplained circumstances, purportedly from defendant Reyes Guyven. The statement is also signed (in what capacity is not indicated) by one Vincent Vanasco, who is not otherwise identified and whose relationship to the parties therefore remains a mystery. No affidavit from Mr. Vanasco is submitted which explains how and why the statement was obtained, who wrote it (the handwriting may well be Vanasco's) or whether defendant Guyven is conversant in the English language and understood what he was signing. The papers submitted in opposition to plaintiff's motion offer no explanation as to why Guyven is unable to supply an affidavit and do not disclose whether he is available for examination by plaintiff or even if he will be available to testify at trial. Under the circumstances, defendants have failed to make the requisite showing that the defense set forth in their pleadings is real and capable of being established on trial *(Machinery Funding Corp. v Loman Enters., supra)*. Accordingly, the order appealed from should be reversed and summary judgment granted in favor of plaintiff.