■ OPPENHEIM & COMPANY, P. C., Respondent, v MICHAEL BERNSTEIN et al., Appellants. [604 NYS2d 62] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered August 4, 1992, after a nonjury trial, awarding plaintiff damages in an action to recover legal fees, unanimously affirmed, with costs.

Assuming arguendo, as defendant client maintains, that plaintiff law firm erroneously advised him that the partnership in question was for a specified term and not at will, such advice could not have harmed defendant, the trial court having found, based on its assessment of defendant's credibility *(see, Claridge Gardens v Menotti,* 160 AD2d 544), that defendant would have instituted and continued the action against his partners regardless of plaintiff's advice. Thus, it cannot be said that "but for" such advice the results in the partnership action would have been favorable *(see, Zarin v Reid & Priest,* 184 AD2d 385, 386-387). Moreover, since the

partners in that action had not made a concrete settlement offer, other than one requiring payment from defendant, any damages sustained were necessarily too speculative to be recoverable *(see, Sherwood Group v Dornbush, Mensch, Mandelstam & Silverman,* 191 AD2d 292). The trial court's denial of consolidation of this fee action with two pending malpractice actions was not reduced to an order, and thus the portion of the appeal relating thereto is not properly before us (CPLR 5512 [a]). In any event, consolidation of an action in which two days of testimony had been taken with later commenced actions still at the pleading stage, the substance of which defendant had previously declined to serve as counterclaims in this action despite the opportunity to do so *(see, Bernstein v Oppenheim & Co.,* 160 AD2d 428, 433), would not have been a sound exercise of discretion *(cf., Tortorello v Carlin,* 182 AD2d 524). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Rubin, JJ.