■ BARBARA ELLEN, Respondent, v LAWRENCE LAUER, Appellant. [620 NYS2d 34] —Order of the Supreme Court, New York County (Elliott Wilk, J.), entered November 3, 1993, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed.

Plaintiff brought this action for malpractice against the attorney who represented her in an action brought to recover for personal injuries sustained as a pedestrian in a mishap involving an automobile. Defendant was successful in recovering $15,000 on behalf of plaintiff (the limit of the insurance policy) in a stipulated settlement with the driver of the automobile. In this action for legal malpractice, plaintiff al-

leges that defendant, in preparing the release in that action, failed to preserve the subrogation rights of the insurer of an automobile owned by her husband, thus precluding her from recovering under the underinsured motorist endorsement of her husband's insurance policy. A judgment has been entered in favor of the insurer permanently staying arbitration of plaintiff's claim against it.

Defendant moved for summary judgment dismissing the malpractice complaint, asserting plaintiff's inability to demonstrate that, but for his asserted malfeasance, she would have prevailed in the arbitration proceeding against her husband's insurance company (see, Oppenheim & Co. v Bernstein, 198 AD2d 163). Defendant's principal arguments are that plaintiff has failed to produce the insurance policy issued by the United States Automobile Association, under which she claims a right of recovery and that, in any event, she is not a "covered person" so as to qualify for protection under the asserted terms of the policy. Whether or not plaintiff is a "covered person" depends on whether she was a "family member" residing in the insured's household at the time of the accident. Finding the various documents submitted by the parties "insufficient to establish plaintiff's residency at the time of the claim", Supreme Court denied defendant's motion.

To recover against defendant, plaintiff must establish that she possessed a right of recovery under the policy issued to her husband and, but for the asserted malpractice of defendant, would have recovered under that policy. It is axiomatic that one who seeks to recover under a contract must prove that a binding agreement was made and establish its terms (Paz v Singer Co., 151 AD2d 234, 235, citing Fisch, Evidence § 1098 [2d ed]). Plaintiff, however, has not provided the insurance policy in question, only a copy of a contract of the type which was being issued by the insurer in Florida at the time. The affidavit of the company's underwriting manager, who furnished the form contract, states, "Attached herewith is a copy of policies and some endorsements on a USAA issued Automobile Policy in 1986 and in 1987. This is not all inclusive." As defendant put it in his reply papers, submitted on the motion, "it is hard to understand how the plaintiff can allege having been deprived of a right under a contract which she had not produced."

Even assuming, for the sake of argument, that the terms of the contract of insurance are as plaintiff asserts, it is incumbent upon her, as the party to whom a contractual obligation is allegedly owed, to establish the existence of any condition

upon which the origination of that obligation depends *(Lindenbaum v Royco Prop. Corp.,* 165 AD2d 254, 258, citing Calamari and Perillo, Contracts § 140, at 227-228). In support of his motion for summary judgment defendant asserts, and plaintiff concedes, that plaintiff's husband had instituted divorce proceedings immediately prior to the time of the accident and that this action eventually culminated in a judgment of divorce. As plaintiff was living at a New York City apartment at the time of the accident and the action for divorce had been instituted only days earlier, it is incumbent upon plaintiff to come forward with evidence in admissible form to demonstrate that a legitimate issue of fact exists with respect to her membership in the insured's household or to furnish an acceptable excuse for the failure to do so *(GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967-968, citing *Zuckerman v City of New York,* 49 NY2d 557, 560; *see also, Indig v Finkelstein,* 23 NY2d 728, 729).

Plaintiff's papers in opposition to the motion are insufficient to raise a triable issue. She baldly states, "At no time did I represent to Mr. Lauer that I was a resident of New York." The documentary evidence of record, however, gives no indication that her residence was anywhere other than the New York City apartment. The accident report filed with the police (MV-104) dated February 11, 1987, the complaint against the driver verified March 31, 1987, plaintiff's bill of particulars in that action dated October 15, 1987, the release settling the action dated November 30, 1988, the complaint in this malpractice action verified July 15, 1992, and the bill of particulars in this action dated December 4, 1992 all declare plaintiff to be a resident of the State of New York, living at 136 East 55th Street. Only a stipulation settling a landlord-tenant action dated November 21, 1986, over two months before the commencement of divorce proceedings, indicates that plaintiff's primary residence is in Florida. Significantly, that dispute involved the apartment located at 136 East 55th Street, where plaintiff has resided at all times relevant to these actions and where she apparently still resides.

Plaintiff, who is not a named insured on the insurance policy issued to her husband, asserts a right to recovery as a "covered person" under the underinsured motorist provision of the policy, which extends protection to the insured and any "family member". A "family member", as defined in the policy, "means a person related to you by blood, marriage or adoption who is a resident of your household."

Nowhere in her affidavit in opposition to the motion does

plaintiff contend that she continued to reside with her husband as a member of his household, although she clearly invites the Court to draw that conclusion. Her affidavit states that she and her husband "continued to have marital relations during the pendency of our divorce proceedings" and that "I continued to have access to my residence at 6001 Pelican Bay Blvd., Naples, Florida, and continued to live at that address when I traveled to Florida to consult with my attorney and visit my family." However, the same affidavit also recites, "At the time my husband filed the petition for the dissolution of our marriage, we owned several homes in Florida, Boston, and New Hampshire. We also were joint tenants on a lease for an apartment in New York City." There is no suggestion in the affidavit that plaintiff and her husband continued to reside together at any of their various abodes. Having failed to even assert that she comes within the ambit of the "family member" condition of the insurance policy, plaintiff has raised no legitimate issue with respect to her right to recover under its provisions.

A court reviewing a motion for summary judgment will tend to construe the facts "in a light most favorable to the one moved against, but this normal rule of summary judgment practice will not be applied if the opposition is evasive, indirect, or coy" (Siegel, NY Prac § 281, at 411 [2d ed]; *Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 170 AD2d 108, 115, *affd* 80 NY2d 377). It is not enough that the party opposing summary judgment insinuate that there might be some question with respect to a material fact in the case. Rather, it is imperative that the party demonstrate, by evidence in admissible form, that an issue of fact exists or, in the alternative, supply the court with an acceptable excuse why such proof cannot be supplied at this stage of the proceedings (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *see also, Machinery Funding Corp. v Loman Enters.,* 91 AD2d 528).

Plaintiff has failed to meet her burden to establish the terms of the contract under which she claims a right to recovery of insurance proceeds. She has failed to demonstrate that a condition of the policy which would extend protection to her was fulfilled at the time of the accident or even to submit an affidavit sufficient to raise a triable issue with respect to her fulfillment of that condition. Accordingly, plaintiff cannot establish that, but for the asserted malfeasance of defendant, she would have recovered benefits under her husband's insurance policy, and the complaint against defendant

must be dismissed. Concur—Sullivan, J. P., Ross, Asch and Rubin, JJ.