■ Rosa E. Colon, Respondent, v Citicorp Investment Services et al., Defendants, and Distinguished Products, Inc., Appellant. [724 NYS2d 161] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about March 1, 2000, which, to the extent appealed from, denied appellant's cross motion for summary judgment dismissing the complaint as against it and granted plaintiff's motion to supplement her bill of particulars, unanimously affirmed, without costs.

While mere speculation regarding causation is inadequate to sustain a cause of action (*see, Segretti v Shorenstein Co.*, 256 AD2d 234, 235), the record contains evidence showing that, at approximately 8:15 A.M., plaintiff slipped on an oily substance near a paper shredder that had been serviced on the previous day by one of appellant's employees. Appellant claims that its employee applied only a small amount of lubricant and that the slippery condition was most likely attributable to an employee of defendant Citicorp Investment Services. Nevertheless, appellant's hypothesis as to how the oil came to be present on the floor where plaintiff slipped is premised on mere supposition. Thus, it does not suffice to meet its burden as movant for summary judgment or permit us to conclude as a matter of law that appellant was not in some measure responsible for the complained of hazard (*see, Rose v Da Ecib USA*, 259 AD2d 258).

A motion for leave to amend is committed to the sound discretion of the trial court (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957). Leave shall be freely granted absent prejudice or surprise to an opposing party (*see,* CPLR 3025 [b]; *Leslie v Hymes,* 60 AD2d 564; *cf. Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18). Here, the trial court properly exercised its discretion in granting the plaintiff leave to supplement her bill of particulars as the amendment, which introduced no new causes of action or theories or recovery, but merely amplified the pleadings, was not prejudicial to appellant. Concur—Lerner, J. P., Saxe, Buckley and Marlow, JJ.