■ GLADYS CRUZ et al., Appellants, v APEX INVESTIGATION & SECURITY COMPANY, INC., Respondent, et al., Defendants. [728 NYS2d 154] —Judgment, Supreme Court, Bronx County (Joseph Giamboi, J.), entered September 22, 2000, dismissing the complaint as against defendant-respondent Apex Investigation & Security Company and order, same court and Justice, entered August 24, 2000, which, in an action for personal injuries arising out of a slip and fall on a sidewalk, granted defendant-respondent's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Plaintiff slipped and fell on an oily substance on the sidewalk abutting the property next door to defendant Apex. Plaintiff al-

leged that Apex created the hazardous condition. Apex moved for summary judgment, arguing that it would require speculation to conclude that it had created the oily mess. To withstand summary judgment, plaintiff was required to raise a triable issue of fact as to whether Apex created the oily sidewalk hazard that allegedly caused plaintiff's accident (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 549). In opposition to Apex's motion, plaintiff submitted an affidavit in which the affiant states that a number of days after he and his friends had been warned and harassed about hanging out around the Apex property or sitting on the building's ledge, he witnessed the owner of Apex's building watch certain boys pour oil onto the ledge that spilled onto the area of sidewalk where plaintiff slipped. The affiant stated that the owner smiled as the boys poured the oily substance, then reentered the building. The affiant also stated that prior to the creation of the hazard, the owner had threatened to "fix" him and his friends for hanging around the property. Giving plaintiff the benefit of every favorable inference to be drawn from this affidavit, it permits a conclusion, without resort to speculation, that the boys who poured the oil in the area were acting under the direction and control of Apex (*see, Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743 [criteria to be applied in determining the adequacy of circumstantial evidence in negligence cases]; *Johnson v New York City Tr. Auth.*, 129 AD2d 424, *lv denied* 70 NY2d 605 [same]; *see also, Pollock v Rapid Indus. Plastics Co.*, 113 AD2d 520). Concur—Rosenberger, J. P., Mazzarelli and Andrias, JJ.

Williams and Rubin, JJ., dissent in a memorandum by Rubin, J., as follows: In the complaint, plaintiff Gladys Cruz alleges that on May 2, 1995 she slipped and fell on an oily substance on the sidewalk some 20 to 30 feet west of defendant Apex's business premises. The complaint further alleges that three unidentified males "poured a quantity of a black oily substance on or along a concrete footing or ledge, topped by a black wrought iron fence or gate, which footing or ledge abutted premises 910 Hunts Point Avenue, Bronx, New York City, New York." The oil then ran "onto and over the abutting public sidewalk."

In opposition to the motion of defendant Apex seeking summary judgment dismissing the complaint against it, plaintiffs offered the affidavit of one Peter Roman, which asserts that he observed the three youths, approximately 10 to 12 years of age, pouring oil onto the ledge. The affidavit further asserts that a man, alleged to be the owner of defendant Apex, made no attempt to stop the boys and smiled as he observed their actions.

Roman states that the corporation's president had told him and his friends "not to hang around [the Apex] building or sit at the ledge," and had threatened to "fix you guys."

It is uncontested that the property abutting the sidewalk where the injured plaintiff fell is not owned or operated by defendant Apex. In the course of deposing Ramon Rodriguez, defendant's former president, plaintiff's counsel elicited the response, "By the way, that's not my property." Counsel replied, "I understand it is not your property. I know it is not your property. It belongs to a railroad company in Washington, if I am correct."

Summary judgment was properly granted in favor of defendant Apex. Plaintiff's own submissions establish that the hazardous condition was neither on defendant's premises nor on the abutting sidewalk, but some 20 to 30 feet away. The proffered evidence further establishes that the condition was not created by Apex but by three unidentified youngsters. Plaintiff, in her reply papers, merely invited the motion court to infer, from facial expressions asserted to have been observed by Peter Roman, that "Apex was controlling the young boys" and therefore "created a dangerous and unsafe condition."

Accepting, for purposes of summary judgment, the animus between the corporate defendant and the affiant—which the affidavit of its president categorically denies—plaintiffs' assertion of control by defendant Apex is no more than rank speculation (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, citing *Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiffs suggest that the president of Apex acted in concert or in collusion with the unidentified youths, aiding and abetting their vandalism. However, even crediting, for summary judgment purposes, the asserted glee of defendant's employee that the youngsters were able to accomplish what he was forbidden to do, the proffered evidence still does not suffice to establish that defendant acted in combination or collusion with the vandals, merely that he approved of their activities (*State Univ. of New York v Denton*, 35 AD2d 176, 180; *see also, Adam v Cutner & Rathkopf*, 238 AD2d 234, 240 [defendant not obliged to affirmatively demonstrate innocence from criminal wrongdoing in support of motion for summary judgment]).

As this Court stated in *Ellen v Lauer* (210 AD2d 87, 90), "It is not enough that the party opposing summary judgment insinuate that there might be some question with respect to a material fact in the case. Rather, it is imperative that the party demonstrate, by evidence in admissible form, that an issue of fact exists or, in the alternative, supply the court with

an acceptable excuse why such proof cannot be supplied at this stage of the proceedings (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231; *see also, Machinery Funding Corp. v Loman Enters.*, 91 AD2d 528)."

Plaintiffs have failed to come forward with admissible evidence to demonstrate that defendant Apex was responsible for the presence of oil on the sidewalk upon which Gladys Cruz allegedly slipped. Nor have plaintiffs provided a reasonable excuse for failure to supply proof of the corporation's culpability at this time. As the Court of Appeals stated in *Phillips v Kantor & Co.* (31 NY2d 307, 312), "an affidavit setting forth names of witnesses, the substance of their testimony, how it was known what their testimony would be, and how the witnesses acquired their knowledge, might be sufficient to defeat a motion for summary judgment, without the witnesses' own affidavits" (citing *Indig v Finkelstein*, 23 NY2d 728, 730). Plaintiffs, however, have not supplied the name of any witness whose testimony would identify Apex as a culpable party; nor have they offered any excuse for their failure to do so.

Accordingly, the judgment of the Supreme Court should be affirmed.