■ GAIL SMITH et al., Respondents, v J.B.H., INC., Appellant. [752 NYS2d 134] —Mercure, J.P. Appeal from an amended order of the Supreme Court (Reilly, Jr., J.), entered March 12, 2002 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Shortly after arriving at work on the morning of September 13, 1994, plaintiff Gail Smith (hereinafter plaintiff) entered a file room and slipped on a "slick, oily, greasy substance." Plaintiff and her husband, derivatively, commenced this personal injury action against defendant, the janitorial service that cleans plaintiff's workplace, alleging, inter alia, that it had created the dangerous condition and had actual and constructive notice of the condition. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting this appeal.

We agree with Supreme Court's finding that defendant, as proponent of the motion, satisfied its initial burden by showing that it "neither created the condition nor had actual or constructive notice of the condition" (*Altieri v Golub Corp.*, 292 AD2d 734, 734-735). In our view, however, plaintiffs have not

---

met their shifted burden by raising triable issues of fact (*see Dapp v Larson*, 240 AD2d 918, 918). Notably, plaintiffs have failed to submit affidavits of anyone with knowledge of the identity of the "slick, oily, greasy substance," its source or how long the substance had been on the floor before the accident. Instead, the evidence discloses that the unidentified substance could have been dropped by anyone with access to the premises. It is unclear whether any other employees worked late on the evening of September 12, 1994 and entered the file room after it had been cleaned. Plaintiff, in fact, concedes that the source of the substance could have been someone other than a cleaning person. Because "conclusions based upon surmise, conjecture, speculation or assertions are without probative value" (*Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699; *see Dapp v Larson, supra* at 919), we find that plaintiffs' proffer simply is insufficient to raise a triable issue as to whether defendant created the dangerous condition or had actual or constructive notice of it. Accordingly, we reverse Supreme Court's order and grant defendant's motion for summary judgment dismissing the complaint.

Crew III, Spain and Carpinello, JJ., concur.

Peters, J. (dissenting). I respectfully dissent. While I agree that "[m]ere conclusions based upon surmise, conjecture, speculation or assertions are without probative value" (*Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699), a case of negligence based wholly on circumstantial evidence may be established if the plaintiff " 'shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred' " (*Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744, quoting *Ingersoll v Liberty Bank*, 278 NY 1, 7). Unlike the majority, I embrace the precept that there is no requirement that plaintiffs' showing " ' "positively exclude[ ] every other possible cause" ' " (*Schneider v Kings Highway Hosp. Ctr., supra* at 744, quoting *Ingersoll v Liberty Bank, supra* at 7, quoting *Rosenberg v Schwartz*, 260 NY 162, 166). Viewing the evidence in the light most favorable to plaintiffs (*see Negri v Stop & Shop*, 65 NY2d 625, 626), I find that plaintiff's deposition testimony detailing that she was the first to turn on the light in the file room on that morning, along with the affidavit submitted by plaintiff's supervisor, Edward Fassett, stating that only defendant's cleaning staff would have access to this area after the office doors were locked at 4:15 P.M., raises a viable issue of fact regarding causation. Moreover, Fassett averred that he did not notice any foreign substance on the file room floor on

the evening before the accident and that after plaintiff's fall, he observed an oval-shaped greasy spot on the floor ranging from six to eight inches in length with an s-shaped skid mark that was "a slippery, chemical-like substance" that he could not specifically identify. He further testified that he rubbed the substance between his thumb and index finger and it appeared to be odorless.

For all these reasons, I would affirm Supreme Court's denial of the motion for summary judgment (*see Cruz v Apex Investigation & Sec. Co.*, 285 AD2d 427; *Colon v Citicorp Inv. Servs.*, 283 AD2d 193; *Considine v Cinganelli*, 280 AD2d 635).

Ordered that the amended order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.