(December 6, 1973)

■ ALLIED CONTROL COMPANY, INC., Appellant, v. C. F. A. GRAPHICS, LTD. (Sued Herein as MICHELINE ART ENTERPRISES, INC.), Defendant-Respondent and Third-Party Plaintiff-Respondent. ELECTRICAL TESTING LABORATORIES, INC., Third-Party Defendant-Appellant.— Order, Supreme Court, New York County, entered February 2, 1973, denying plaintiff's motion for summary judgment, unanimously affirmed, without costs or disbursements. Order, Supreme Court, New York County, entered February 2, 1973, which denied the third-party defendant's motion for summary judgment, unanimously reversed, on the law, and the motion for summary judgment is granted, without costs or

disbursements. The cross claim of the third-party defendant is dismissed as academic. Electrical Testing Laboratories, Inc. (Laboratories), the prime landlord, leased the eighth floor of premises known as 2 East End Avenue to Allied Control Company, Inc. (Allied). The lease provided for subleasing of these premises subject to the consent of the prime landlord, which consent was not to be unreasonably withheld. Allied, thereafter, entered into a sublease with A. Lublin, Inc. (Lublin). That document allowed for substitution of a different subtenant and Allied agreed to request permission of Laboratories (the prime landlord) to such substitute subletting. Laboratories consented to the subletting to Lublin and to alteration of the premises for the benefit of Lublin but required that any further subletting by either Allied or Lublin be only upon prior written consent of Laboratories. No clause with regard to unreasonable withholding of consent by the prime landlord was inserted in the sublease upon assurances made by Allied, the prime tenant, to Lublin, the subtenant, that the prime lease provisions in this regard would be binding upon Laboratories. Lublin obtained a substitute sublessee, the Board of Education of the City of New York, but Laboratories refused to consent to such substitution. Lublin ceased to pay rent and vacated the premises. A few months later, Allied obtained the consent of Laboratories to sublet to the Board of Education after agreeing to indemnify Laboratories against all claims of Lublin. Allied then sued Lublin's successor corporation, C. F. A. Graphics, Ltd. (hereinafter still referred to as Lublin), for five months' unpaid rent and other damages. Lublin then sued Laboratories as a third-party defendant on the theory that it breached its contract not to unreasonably withhold consent to further subletting or substitute subletting. Laboratories in turn cross-claimed against Allied on the indemnity agreement it obtained from Allied prior to allowing the second subletting to the Board of Education. Allied and Laboratories both moved for summary judgment against Lublin. We agree with Special Term that Allied was not entitled to summary judgment since there is some issue with regard to the parol representations made by Allied to Lublin respecting its obligations under the sublease. However, there was no contract outstanding between Laboratories and Lublin, and Laboratories could not be bound to Lublin by any representations made by Allied on the subject of further subletting. Accordingly, Laboratories was entitled to summary judgment against Lublin. The resultant dismissal of the third-party complaint against Laboratories mandates dismissal of Laboratories' cross claim as academic. Concur — Nunez, J. P., Murphy, Lane, Tilzer and Capozzoli, JJ.