■ ROBERT S. SHAPIRO, Appellant-Respondent, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent-Appellant. — In an action, *inter alia,* to recover damages for breach of contract, the parties cross-appeal from a resettled order of the Supreme Court, Queens County, entered December 4, 1979, which, *inter alia,* (1) granted the branches of defendant's motion which sought (a) dismissal of the first and third causes of action "on the grounds that there are no triable issues of fact and that *** [they] have no merit" and (b) dismissal of the prayer for punitive damages and (2) denied the branch of defendant's motion which sought dismissal of the second cause of action. Resettled order affirmed, without costs or disbursements. Defendant's motion was made pursuant to CPLR 3211 (subd [a], pars 1, 7; subd [c]). The plaintiff was fully apprised that the court could treat the

defendant's motion as one for summary judgment. In fact the plaintiff's affidavit in opposition was denominated an "affidavit in opposition to the motion for summary judgment". Plaintiff then attempted to demonstrate to the court that an issue of fact existed as to each cause of action challenged. Under these circumstances the plaintiff may not now complain that the court failed to provide notice of its intent that it would treat the motion as one for summary judgment. (See *Wein v City of New York,* 36 NY2d 610; *Monteferrante v New York City Fire Dept.,* 47 NY2d 737, affg 63 AD2d 576.) Plaintiff, in his first cause of action, sought damages for the wrongful and improper termination of the contract between the parties. The contract was terminable at will. The plaintiff was, however, notified that the contract had been terminated "for cause". Be that as it may, the defendant had an absolute right to terminate the agreement upon providing notice whether it be for cause or not. (See *Watson v Gugino,* 204 NY 535; *Parker v Borock,* 5 NY2d 156; *Chin v American Tel. & Tel. Co.,* 96 Misc 2d 1070, affd 70 AD2d 791, mot for lv to app den 48 NY2d 603.) Surely where no reason need be given under the law for exercising a termination clause, no obligation ought to be imposed upon a party to prove the validity of its reasons for ending the contractual relationship. Therefore, as a matter of law, the first cause of action must fall. The second cause of action seeks damages for commissions lost on existing and renewed policies, as well as on policies written within the 120-day grace period following the termination of the parties' agreement. (See Insurance Law, § 167-a, subd [9], par [a].) The plaintiff in his affidavits has presented an issue of fact relative to the question of whether his agreement with the defendant was exclusive within the meaning of section 167-a (subd [9], par [b]) of the Insurance Law. Accordingly, the second cause of action was properly preserved. We note, however, that the benefits of section 167-a (subd [9], par [a]) of the Insurance Law are limited to those insurance policies which are designated under the statute. Therefore, damages, if any, should be so limited. The third cause of action sought compensatory damages for the alleged malicious interference with plaintiff's clients who had purchased insurance through him. The record indicates that after plaintiff was terminated as an agent, he continued to write insurance policies and demand commissions from the defendant. This may well have been his right under the provisions of the Insurance Law noted above. However, the insurer, in good faith, took the position that plaintiff was no longer an authorized agent. Accordingly, persons were informed that their policies would be terminated as their insurance applications had been bound by an unauthorized agent. Prudential, in its notices, explained that the policies could be made effective and suggested contacting one of its authorized agents. It is plain that the defendant's acts were not malicious. Nor does the record show that unlawful means were used or that the defendant's sole purpose in notifying these persons was to injure the plaintiff. Accordingly, no cause of action for tortious interference with business relations exists as a matter of law. (See *Rosenberg v Del-Mar Div. Champion Int. Corp.,* 56 AD2d 576, 577.) Finally plaintiff's prayer for punitive damages cannot be sustained as this lawsuit does not seek to vindicate a public right or deter morally culpable conduct. (See *Halpin v Prudential Ins. Co. of Amer.,* 48 NY2d 906, mot for rearg den 49 NY2d 801; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354.) For the reasons set forth above, the order is affirmed. Hopkins, J.P., Mangano, Rabin and Weinstein, JJ., concur.