■ PANTOTE BIG ALPHA FOODS, INC., Respondent, v ROBERT SCHEFMAN et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Burton S. Sherman,

J.), entered July 9, 1985, which granted plaintiff's motion for summary judgment and declared that defendant Robert Schefman (Schefman), as net lessee, breached the net lease agreement executed with plaintiff by using the premises for residential purposes and by allowing subtenants, the other defendants, to occupy the premises for residential purposes, unanimously reversed, on the law, summary judgment is denied and the action is remanded for a trial, with costs.

The lease between plaintiff and Schefman provides that the premises shall be used "for any commercial purpose for which the building is legally suitable and for no other purpose". It is undisputed that Schefman and the subtenants are currently living and working in the premises as artists. Schefman alleges that the landlord's agent, who negotiated the net lease with Schefman at the time the lease was executed, agreed that the premises could be used for artists in residence. The premises are located in Tribeca, an area in which commercial buildings are occupied by artists in residence who both live and work in their rented quarters. Schefman allegedly expended substantial sums of money to make possible such occupancy and use. He then sublet portions of the premises to other artists who occupy the building as joint living and working quarters, as does Schefman.

Following examinations of defendants before trial, and prior to the scheduled examination of plaintiff's attorney, Leo Sussman, who allegedly negotiated the lease, plaintiff moved for summary judgment. This motion precluded his examination before trial. There is a question of fact as to the meaning of the lease term respecting use of the building "for any commercial purpose for which the building is legally suitable" in the context of Schefman's use of the premises as an artist in residence. Schefman's affidavit concerning Sussman's oral representations prior to the execution of the lease, and his alleged knowledge of Schefman's occupation as an artist who was committed to expend moneys to convert the premises for that purpose, demonstrate that there is a triable issue. In these circumstances there is an apparent ambiguity in the lease terms. Schefman may have been induced to sign the lease upon the basis of such representations. Parol evidence may well be admissible to determine the intent of the parties under these circumstances.

The function of summary judgment is issue finding, not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Allied Control Co. v C. F. A. Graphics,* 43 AD2d 678; *175 Check Cashing Corp. v Chubb Pac. Indem.*

*Group,* 95 AD2d 701). On such a motion the court should draw all reasonable inferences in favor of the nonmoving party *(Robinson v Strong Mem. Hosp.,* 98 AD2d 976) and should not pass on issues of credibility *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). It is notable that this action was commenced just weeks before the June 21, 1982 effective date of Multiple Dwelling Law article 7-C (the Loft Conversion Law), referring to premises such as these.

The language of the "use" clause in the net lease is ambiguous and does not conclusively establish that there was no agreement that the premises could be used for artists in residence. Such oral agreements, existing alongside a written lease with a commercial use clause, were not an uncommon practice at this particular time and place. Concur—Sullivan, J. P., Asch, Fein, Kassal and Ellerin, JJ.