■ MARY F. FERGUSON, Respondent-Appellant, v FRANCES R.

ABRAMS et al., Appellants, et al., Defendants. MARTIN MECHANICAL CORPORATION, Third-Party Plaintiff, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Third-Party Defendant and Third-Party Plaintiff. JOHN T. BRADY & COMPANY et al., Second Third-Party Plaintiffs-Appellants; JULIUS MOCK AND SON, INC., Second Third-Party Defendant-Respondent and Third Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered September 29, 1986, which, *inter alia,* denied the branches of the motion of defendants Abraham Abrams, Manfred Moses, and Seymour J. Solomon, doing business as Abrams, Moses & Solomon (AMS), and of the cross motion of defendants John T. Brady & Company, and Brady Construction Company, Inc. (Brady), seeking the dismissal of plaintiff's claims of negligence against them, and granting the motion of third-party defendant Julius Mock and Son, Inc. (Mock) to dismiss the second and third third-party actions brought against it, is modified, on the law and on the facts, to the extent of granting the cross motion of defendants Brady to dismiss the plaintiff's negligence claim, and otherwise affirmed, without costs.

Mr. Edward Kevin Ferguson (Mr. Ferguson) was employed by the Board of Education of the City of New York (Board), as custodian of Intermediate School 193 (School), located at 1919 Prospect Avenue, in Bronx County. On February 25, 1977, at approximately 3:30 P.M., Mr. Joseph A. Howell (Mr. Howell), who was employed by the Board as a stationary fireman, found the lifeless body of Mr. Ferguson on the boiler room floor of the school. According to Mr. Howell, when he found the body it was underneath the valves above the boiler fuel pumps, and Mr. Ferguson was holding a wrench in his hand.

Thereafter, in 1979, plaintiff, who is Mr. Ferguson's widow, commenced the instant action against a number of defendants, including AMS, Brady and Martin Mechanical Corporation (Martin). In substance, the allegations in the complaint contend that Mr. Ferguson's death was caused by the negligent design and construction of the boiler room.

AMS was the engineering firm which designed the boiler room; Brady was the general contractor; and Martin was the mechanical contractor who installed and maintained the boilers.

After service of the complaint, three third-party actions were brought, as follows: in the first such action, Martin is the third-party plaintiff and the Board is the third-party defendant; while in the separate second and third third-party

actions, Brady and the Board are the third-party plaintiffs, respectively, and Mock is the third-party defendant in both of these third-party actions. Mock was the iron and steel subcontractor which, *inter alia,* erected a ladder and platform in the boiler room.

Following the joinder of issue and some discovery, by motions and cross motion, AMS, Mock and Brady moved for summary judgment. The IAS court, *inter alia,* granted Mock's motion to dismiss the second and third third-party actions; granted only the branches of the Brady cross motion as sought the dismissal of the plaintiff's claims that Brady was responsible for the design of the boiler room, and had violated sections 200, 240 and 241 of the New York Labor Law; and denied the branches of the AMS motion and Brady cross motion as sought the dismissal of plaintiff's claims of negligence against them.

We disagree, and find that the IAS court erred, insofar as it denied the branch of Brady's cross motion which sought dismissal of the negligence claim.

In a wrongful death action a plaintiff may rely on circumstantial evidence to prove that the defendant's negligence caused the injury *(Wragge v Lizza Asphalt Constr. Co.,* 17 NY2d 313, 320 [1966]). Although a plaintiff can use circumstantial evidence in its proof, it still must come forward with sufficient evidence to raise a triable issue of fact, in order to defeat a motion for summary judgment *(Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264 [1977]). As we reiterated recently "[t]he function of summary judgment is issue finding, not issue determination [citations omitted]" *(Pantote Big Alpha Foods v Schefman,* 121 AD2d 295, 296-297 [1st Dept 1986]).

Based upon our examination of the record, we find that plaintiff has failed to satisfy her burden of raising any triable issues of fact, since plaintiff has "submitted no evidence in response to this summary judgment motion substantiating a theory of recovery against [defendant Brady] even under the more liberal proof requirements prevailing in death actions [citations omitted]." *(Larrabee v Marine Midland Bank,* 55 AD2d 1018 [1977], *affd* 43 NY2d 788 [1977].) The plaintiff has raised no genuine issue of fact that would indicate any negligence by Brady with reference to the design, erection or manufacture of any work platforms. Ordinarily, a general contractor bears no responsibility for the integrity of a construction plan, but only for its competent execution. There is

no indication in plaintiff's complaint that alleges that the general contractor's work had any obvious defects as would raise a question of his liability. No proximate cause is shown between Brady's work and the death of the decedent.

Accordingly, we grant that branch of Brady's cross motion for summary judgment to dismiss plaintiff's claim of negligence.

In view of this determination, we find Brady's request for reinstatement of its third-party action against Mock to be moot. Concur—Ross, Carro, Rosenberger and Wallach, JJ.

Kupferman, J. P., dissents in a memorandum as follows: The plaintiff's decedent was custodian of Intermediate School 193, Bronx County. As such, he would be charged with the knowledge of the content and operation of the boiler room. He had documented previous problems with leaks in the boiler room and, accordingly, was familiar with any defective design or defect in construction thereof.

While one may quarrel with the result in *Maddox v City of New York* (66 NY2d 270), the principle of assumption of risk should be the same. *(See in general,* Kelner and Kelner, Trial Practice, *Sports Injuries—Assumption of Risk,* NYLJ, Feb. 11, 1987, at 1, col 1, at 26, col 2.)

Accordingly, I would dismiss the complaint.