■ MARY F. FERGUSON, Individually and as Executrix of EDWARD K. FERGUSON, Deceased, Respondent, v JOHN T. BRADY & Co. et al., Defendants and Second Third-Party Plaintiffs. FRANCES R. ABRAMS, as Executrix of ABRAHAM ABRAMS, Deceased, et al., Appellants, and MARTIN MECHANICAL CORPORATION, Appellant and Third-Party Plaintiff-Appellant, et al., Defendants. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Third-Party Defendant-Respondent and Third-Party Plaintiff, et al., Second and Third Third-Party Defendant.—Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered June 6, 1988, which denied the motion of the defendants, Frances R. Abrams, as executrix of the estate of Abraham Abrams, Manfred Moses and Evalyn S. Kleinman, as executrix of the estate of Seymour Solomon (hereinafter AMS), to renew their prior motion for summary judgment and which denied the cross motion to defendant and third-party plaintiff Martin Mechanical (hereinafter Martin) for summary judgment, unanimously modified, on the law, summary judgment granted to the defendant Martin, and otherwise affirmed, without costs.

The plaintiff's decedent was employed by the New York City Board of Education as a custodian at an intermediate school in The Bronx. The facts with respect to his death are set forth in a previous opinion of this court, *Ferguson v Abrams* (129 AD2d 524). The motions are based on the deposition of Joseph A. Howell, who worked at the school as a stationary fireman and who found the body. He had previously given an affidavit in support of the plaintiff's position, but his subsequent deposition indicated the possibility that the death occurred for a different reason.

The court, at the IAS Part, analyzed and compared the affidavit with the deposition and found a question of fact. Moreover, it concluded that the AMS defendants could have

deposed Howell earlier in connection with their previous motion for summary judgment, the denial of which we affirmed. (129 AD2d 524, *supra.*)

However, as to Martin, which was making its first motion for summary judgment (there is an incorrect indication in its papers that this was a renewal motion), it is apparent that its acts or omissions could not have been the proximate cause of decedent's injuries. The allegations against Martin are essentially that it failed to complete proper installation of certain ventilation fans, increasing the frequency of access to the feeder valves needed to regulate the heat and, thus, increasing the risk of injury. However, this would have meant that the decedent had to use gloves to manipulate valves that would be very hot, but no gloves were found on the decedent or in the area. Accordingly, summary judgment should be granted to the defendant Martin. Concur—Kupferman, J. P., Carro, Asch, Rosenberger and Wallach, JJ.