■ JAYANT GANDHI, Appellant, v VASUDEV NAYAK et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Edith Miller, J.), entered February 19, 1988, which granted defendants' motion for summary judgment to dismiss the complaint, based upon the Statute of Limitations, is unanimously reversed, on the law and on the facts, motion is denied, complaint reinstated, and judgment vacated, without costs.

On December 16, 1985, by summons and verified complaint, Mr. Jayant Gandhi (plaintiff) commenced a declaratory judgment action against Mr. Vasudev Nayak and Rainbow Realty, Inc. (Rainbow) which sought declarations that, since defendant Rainbow's inception, plaintiff has been a 50% stockholder and, as a stockholder, plaintiff is entitled to examine the corporate and financial records of defendant Rainbow.

The complaint alleges, in substance, as follows: On or about October 12, 1979, plaintiff and defendant Mr. Nayak entered into a written sales contract (sales contract) with J. H. Associates to purchase from it a number of apartment houses (premises) located in Jackson Heights, New York. Thereafter, plaintiff and defendant Mr. Nayak caused defendant Rainbow to be incorporated, and plaintiff and Mr. Nayak were desig-

nated president and secretary, respectively. Following defendant Rainbow's incorporation, plaintiff and defendant Mr. Nayak each assigned all of their rights, under the sales contract, to defendant Rainbow. Subsequently, on December 26, 1979, defendant Rainbow sold the premises to Medical Investors Associates, for $3,600,000, including a $3,100,000 wrap-around purchase-money mortgage, which is the only asset possessed by defendant Rainbow. Furthermore, plaintiff contends that, pursuant to an agreement with defendant Mr. Nayak, he is entitled to 50% of the stock of defendant Rainbow, and defendants have refused his demand for it.

Following the joinder of issue, defendants, Mr. Nayak and Rainbow (defendants), moved, pursuant to CPLR 3212, for summary judgment to dismiss the complaint, on the ground of the Statute of Limitations. In his affidavit in support of that motion, defendant Mr. Nayak states, assuming arguendo he breached the agreement with plaintiff, mentioned *supra,* that breach occurred on November 28, 1979, when Mr. Nayak caused defendant Rainbow to issue all of its stock to him, and, since plaintiff did not commence this action until December 16, 1985, which was more than six years after the alleged breach, the complaint is time barred. Plaintiff opposed. The IAS court granted defendants' motion.

Since this is a declaratory judgment action, we find that the six-year Statute of Limitations (CPLR 213 [2]), applicable to the plaintiff's breach of contract claim, which underlies the instant action, controls the time in which this action must be commenced *(Solnick v Whalen,* 49 NY2d 224, 229-230 [1980]). The Court of Appeals held that "[i]n contract cases, the cause of action accrues and the Statute of Limitations begins to run from the time of the breach" *(Kassner & Co. v City of New York,* 46 NY2d 544, 550 [1979]).

In opposition to defendants' motion, plaintiff submitted to the IAS court, *inter alia,* two documents, discussed in detail *infra,* which indicate that on December 26, 1979, at the closing, mentioned *supra,* when defendant Rainbow sold the premises to Medical Investors Associates, there was more than one stockholder of Rainbow.

The first document, dated December 26, 1979, is entitled: "UNANIMOUS CONSENT OF STOCKHOLDERS TO CONVEY". Our examination of this two-page document indicates it contains the notarized signatures of plaintiff and defendant Mr. Nayak, as the stockholders of defendant Rainbow, and the notarized certificate of defendant Mr. Nayak, as secretary of defendant

Rainbow, which states, in substance, that plaintiff and defendant Mr. Nayak were stockholders of defendant Rainbow on December 26, 1979.

The second document, also dated December 26, 1979, is a copy of a deed between defendant Rainbow and Medical Investors Associates, and it bears the signature of defendant Mr. Nayak, as secretary of defendant Rainbow. Our examination of the deed indicates that, on its face, it contains the following handwritten insert, with apparently defendant Mr. Nayak's initials next to it: "This deed is being given with the unanimous consent of all of the *stockholders* of Rainbow Realty, Inc" (emphasis added).

Based upon the documents, described *supra,* which indicate that defendant Mr. Nayak, as secretary of defendant Rainbow, stated that, as of December 26, 1979, plaintiff was a stockholder of defendant Rainbow, and that there was more than one stockholder of defendant Rainbow, we find there is a material triable issue of fact concerning whether the breach occurred on November 28, 1979, when defendant Mr. Nayak claims he caused defendant Rainbow to issue all of its stock to him, or sometime after December 26, 1979, when the defendants rejected plaintiff's demands to be issued 50% of defendant Rainbow's stock, and to be afforded an opportunity to examine the corporate and financial records of defendant Rainbow. Obviously, if the breach occurred after December 26, 1979, the six-year Statute of Limitations would not bar this action, since plaintiff commenced it on December 16, 1985.

It is hornbook law that "[t]he function of summary judgment is issue finding, not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Allied Control Co. v C. F. A. Graphics,* 43 AD2d 678; *175 Check Cashing Corp. v Chubb Pac. Indem. Group,* 95 AD2d 701). On such a motion the court should draw all reasonable inferences in favor of the nonmoving party *(Robinson v Strong Mem. Hosp.,* 98 AD2d 976) and should not pass on issues of credibility *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338)" *(Pantote Big Alpha Foods v Schefman,* 121 AD2d 295, 296-297 [1st Dept 1986]).

We stated in *Gibson v American Export Isbrandtsen Lines* (125 AD2d 65, 74 [1st Dept 1987]) that "[a]s repeatedly held, the remedy of summary judgment is a drastic one, which should not be granted where there is any doubt as to the existence of a triable issue *(Moskowitz v Garlock,* 23 AD2d 943, 944) or where the issue is even arguable *(Barrett v*

*Jacobs,* 255 NY 520, 522), since it serves to deprive a party of his day in court. Relief should be granted only where no genuine, triable issue of fact exists *(see, Werfel v Zivnostenska Banka,* 287 NY 91)".

In view of our analysis, *supra,* we find the IAS court erred in granting defendants' motion.

Accordingly, we reverse, deny the motion, and reinstate the complaint. Concur—Ross, J. P., Asch, Rosenberger, Wallach and Smith, JJ.