◼ Concepcion Macaya, Plaintiff, v Merrill Lynch, Pierce, Fenner & Smith, Inc., Sued Incorrectly as Merrill, Lynch, Fenner, Pierce & Smith, Inc., Respondent and Third-Party Plaintiff-Respondent, et al., Defendant. Structure Tone Inc. et al., Third-Party Defendants-Respondents. Sherland & Farrington Co., Second Third-Party Plaintiff-Respondent, v Metro Carpet, Second Third-Party Defendant, and K & K Tile Trade Shop, Inc., Second Third-Party Defendant-Appellant.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered July 10, 1989, insofar as it denied "second third-party" codefendant K & K Tile Trade Shop, Inc.'s motion for summary judgment in that "second third-party" action, unanimously affirmed, without costs.

Plaintiff allegedly tripped and fell over a defective "reducer strip" which joined the carpeting with the parquet floor in defendant Merrill Lynch's offices. Merrill Lynch impleaded the two general contractors that had renovated that area of the office 16 months earlier, and one of those general contractors in turn impleaded the subcontractors who had installed the carpeting and the parquet floor, the latter of which (appellant herein) was also responsible for installing the reducer strip. A witness who submitted an affidavit after completion of discovery swore that he had noticed an upward protrusion in this area of the floor some three months before the accident, and had brought it to the attention of Merrill Lynch. The record on the summary judgment motion reveals no other complaints received in the 13 months after installation.

On a motion for summary judgment, all that need be shown is the existence of triable issues of fact *(Cross v Cross,* 112 AD2d 62, 64), and in making that determination, the court should draw all reasonable inferences in favor of the nonmoving party *(Pantote Big Alpha Foods v Schefman,* 121 AD2d 295, 297). In the instant case, the affidavit of the witness was sufficient for that purpose. Concur—Murphy, P. J., Ross, Rosenberger, Asch and Ellerin, JJ.