■ ANDREW S. ROFFE, Appellant, v JAMES WEIL, Respondent. ANDREW S. ROFFE, Respondent, v JAMES WEIL, Appellant.— Order, Supreme Court, Westchester County (John C. Marbach, J.), entered December 15, 1988, which, inter alia, denied plaintiff's motion for partial summary judgment, unanimously modified, on the law, to grant plaintiff partial summary judgment dismissing defendant's affirmative defense of lack of consideration, and otherwise affirmed, without costs; and order of said court, entered May 30, 1989, which, inter alia, denied defendant's motion for summary judgment, unanimously affirmed, without costs.

On or about January 18, 1987, defendant, who controls a series of family owned companies, entered into an agreement with plaintiff, under which defendant was to retain Roffe &

Roffe, P. C. as attorneys for the companies and employ plaintiff, individually, as an officer of the companies. The contract is silent as to the duties that plaintiff was to discharge as an employee of defendant, and the parties are in disagreement with respect thereto. Accordingly, there is a question of fact as to whether the agreement is a simple employment contract or a retainer agreement for legal services, and it was error for the IAS Part to hold, as a matter of law, that it is the latter.

Plaintiff was, however, entitled to summary judgment on defendant's affirmative defense of lack of consideration. Consideration consisted of the services that plaintiff was to render as defendant's employee, and there is no affirmative defense of lack of consideration merely because defendant believes he agreed to pay plaintiff more than plaintiff proved to be worth. The slightest consideration is sufficient to support the most onerous contractual obligations, and the issue of inadequacy of consideration is for the parties to resolve upon entering into the contract, not for the court to consider when the contract is to be enforced. *(Mencher v Weiss,* 306 NY 1, 8.)

In all other respects, summary judgment was properly denied. *(See, Gandhi v Nayak,* 148 AD2d 390.) Despite the arguments of the parties, there are triable issues of fact presented by each of plaintiff's causes of action, and by each of defendant's remaining affirmative defenses. These include, but are not limited to, whether plaintiff performed his obligations under the agreement, whether the agreement is one for the retention of counsel, which imposes upon plaintiff a heightened burden of proving fair dealing with defendant *(see generally, Howard v Murray,* 43 NY2d 417), and whether either party committed fraud by falsely stating his future intent to perform under the agreement, with knowledge that such statement was false when made, or that the future event would not occur. *(Cristallina, S.A. v Christie, Manson & Woods Intl.,* 117 AD2d 284, 294.)

The plaintiff also challenges that portion of the IAS Part's 1989 order which granted defendant's motion for a protective order striking plaintiff's notice for inspection of documents and for nonparty depositions. This argument is not preserved by a notice of cross appeal, and we decline to reach it. Concur —Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.