■ DAVID GOLDSMITH, Respondent-Appellant, v J.I. SOPHER & COMPANY, INC., Appellant-Respondent. [672 NYS2d 303] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), entered February 25, 1997, after a nonjury trial, awarding plaintiff the total amount of $26,872.13, and bringing up for review an order of the same court and Justice, entered on or about January 31, 1997, directing entry of judgment in plaintiff's favor to the extent indicated in the aforesaid judgment, unanimously affirmed, without costs. Cross appeals from the January 31, 1997 order unanimously dismissed, without costs, as subsumed within the cross appeals from the February 25, 1997 final judgment.

Evidence that defendant was issued a commission check in the amount of $16,125 for the sale of units 4B and 4D at 214 East 9th Street, and that defendant received that check while plaintiff was still retained as defendant's agent, irrefutably established plaintiff's right to receive 60% of the commission. Defendant's receipt of the commission within the meaning of the parties' supplemental agreement triggered plaintiff's entitlement to his commission and that entitlement was not adversely affected by defendant's alleged failure to negotiate or replace the commission check.

Plaintiff, however, was not entitled to collect management or override commissions received by defendant after the date of his termination. Plaintiff's entitlement to such commissions did not depend upon his having "earned" the commissions in the manner of brokers and salespersons generally (*see*, *e.g.*, *Parisi v Swift*, 121 Misc 2d 787, *affd* 128 Misc 2d 388), but was governed by a special agreement (*see*, *Tanker Intl. Nav. Corp. v National Shipping & Trading Corp.*, 116 AD2d 40, 43; *Graff v Billet*, 101 AD2d 355, 356, *affd* 64 NY2d 899). That agreement provided for payment to plaintiff of a percentage of the gross commissions generated by sales agents under plaintiff's management and "collected" by defendant. The commissions in dispute were not "collected" prior to the termination of plaintiff's employment.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.