(August 19, 2004)

■ AG CAPITAL FUNDING PARTNERS, L.P., et al., Plaintiffs, v STATE STREET BANK AND TRUST COMPANY, Defendant and Third-Party Plaintiff-Respondent-Appellant. SALOMON SMITH BARNEY INC., et al., Third-Party Defendants-Appellants-Respondents. (And Another Action.) [781 NYS2d 88]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered September 23, 2003, which, inter alia, granted third-party defendants' motions to dismiss the amended third-party complaint to the extent of dismissing the second, fourth, fifth, sixth and seventh causes of action, unanimously modified, on the law, to grant the motions in their entirety. The Clerk is directed to enter judgment in favor of third-party defendants dismissing the amended third-party complaint.

Defendant and third-party plaintiff State Street Bank and Trust Company acted as trustee under certain indentures held by plaintiffs and secured by a pool of collateral. The collateral trust agreement, under which nonparty Bankers Trust Company acted as collateral trustee, contains provisions that permit additional debt to be secured when issued. To secure additional debt, the agreement states that the agents, trustees or similar representatives of the holders of such indebtedness "must deliver to the Trustee, for acceptance and registration in the Secured Indebtedness Register, an Additional Secured Indebtedness Registration Statement." Similarly, the registration statement provides, "By executing and delivering this Additional Secured Indebtedness Registration Statement and, upon the acceptance and recordation hereof by the Trustee in accordance with . . . the Collateral Trust Agreement, State Street Bank and Trust Company . . . hereby agrees on behalf of itself and the Holders it represents to be bound by all the terms and provisions of the Collateral Trust Agreement applicable to a Holder and a Secured Party Representative, as applicable."

Pursuant to these instruments, State Street assumed the contractual obligation to deliver to Bankers Trust a registration statement for any additional secured indebtedness. It is undisputed that no registration statement was delivered to the collateral trustee for two such additional debt issues, with the result that when the debtor declared bankruptcy, the holders of the notes were obliged to settle for less than they would have received had the notes been at par with other secured debt.

Third-party defendants Salomon Smith Barney and UBS Warburg are the underwriters for the two debt offerings, and third-party defendant Thelen Reid & Priest is counsel for the debtor. State Street concedes that third-party defendants are not party to either the collateral trust agreement or the registration statement; thus, they were under no contractual obligation to perform State Street's duty to deliver the registration statements to the collateral trustee. State Street argues nonetheless that "deliver" means simply to leave the registration statement

with the underwriter at the closing, and should not be read to require actual delivery to Bankers Trust. Asserting an ambiguity in the meaning of the agreement, State Street seeks to introduce evidence of custom and industry practice with respect to the role of the underwriter and the issuer to impose liability on third-party defendants.

The parties' agreement is facially unambiguous (*R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 33 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]) and is enforceable according to its terms, without resort to extrinsic evidence. Therefore, State Street may not introduce evidence of custom or industry practice to subvert the agreement's plain meaning (*see Uribe v Merchants Bank of N.Y.*, 91 NY2d 336, 342 [1998]; *Michael J. Torpey, Inc. v Consolidated Edison Co. of N.Y.*, 99 AD2d 484 [1984], *appeal dismissed* 66 NY2d 915 [1985]). In consideration of fees of almost $12,000 for acting as trustee for pass-through asset trust securities and approximately $21,000 for acting as indenture trustee for series 6 and 7 notes, State Street was obligated "to perform basic non-discretionary ministerial tasks," including filing the requisite registration statements with the collateral trustee (*LNC Invs., Inc. v First Fid. Bank, N.A.*, 935 F Supp 1333, 1347 [1996]). Nominal consideration is sufficient to support State Street's contractual duty to plaintiffs; "the issue of inadequacy of consideration is for the parties to resolve upon entering into the contract, not for the court to consider when the contract is to be enforced" (*Roffe v Weil*, 161 AD2d 509, 510 [1990]).

We have considered State Street's remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Sullivan, Ellerin and Williams, JJ.