*60 OPINION OF THE COURT
Per Curiam.
Judgment entered April 15, 2002 reversed, with $30 costs, and judgment directed in favor of defendant dismissing the complaint.
Giving proper effect to the clear and unambiguous terms of what the trial court described as the “very extensive” letter agreements governing the parties’ employment relationship, we find no basis to support plaintiffs recovery of the real estate management commissions here in dispute. “Plaintiffs entitlement to such commissions did not depend upon his having ‘earned’ the commissions in the manner of brokers and salespersons generally . . . but was governed by a special agreement” (Goldsmith v Sopher & Co., 249 AD2d 232 [1998]). That agreement provided for payment to plaintiff of a percentage of management fees earned “during the time for which [plaintiff is] employed by [defendant],” and did not, either expressly or by implication, require defendant to compensate plaintiff for management fees, such as those sued for herein, accruing after the management duties assumed by plaintiff in connection with his at-will employment with defendant had ceased. Contrary to the view expressed by the court in its bench decision, evidence of custom or industry practice may not be used to contradict the employment agreement’s plain meaning (see Uribe v Merchants Bank of N.Y., 91 NY2d 336, 342 [1998]; AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 10 AD3d 293 [2004]), and, we note, no such evidence was presented by plaintiff below. Further, although plaintiff may ascribe a bad motive to defendant’s conduct in terminating his employment, “[a] claim for breach of the implied covenant of good faith and fair dealing cannot substitute for an unsustainable breach of contract claim” (Skillgames, LLC v Brody, 1 AD3d 247, 252 [2003]; see Riccardi v Cunningham, 291 AD2d 547 [2002]).
Exercising our authority to review the record and to render the judgment that should have been rendered after a nonjury trial (see Nestor v Britt, 213 AD2d 255 [1995]), we reverse and dismiss the complaint.
Suarez, EJ., McCooe and Schoenfeld, JJ., concur.