■ AUTOMOBILE COVERAGE, INC., Appellant, v AMERICAN INTERNATIONAL GROUP, INC., et al., Respondents. [839 NYS2d 916]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered September 26, 2005, dismissing the complaint pursuant to an order, same court and Justice, entered September 19, 2005, which, in an action for, inter alia, breach of a general agency agreement, upon defendants' motion to dismiss the complaint for failure to state a cause of action, dismissed the amended complaint, unanimously reversed, on the law, without costs, the judgment vacated, and the cause of action for breach of contract regarding misappropriation of policy "expirations" reinstated, with leave to replead the various claims for commissions owed. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Notwithstanding the inartfully pleaded first cause of action, the contract claim for misappropriation of policy "expirations" (see Richard T. Blake & Assoc. v Aetna Cas. & Sur. Co., 255 AD2d 569, 570 [1998]) should not have been dismissed, since the amended complaint sets forth the terms allegedly breached and defendants do not contend that any provision of the agreement negates such claim (cf. Goldsmith v Sopher & Co., 249 AD2d 232 [1998]). The first cause of action also contains a disorganized and confusing statement of claims for commissions allegedly owed, including claims for unpaid commissions during the 90-day period after plaintiff's receipt of defendants' notice of termination, override commissions owed pursuant to an addendum to the agreement, and commissions owed pursuant to Insurance Law § 3425 (j). The motion court summarily dismissed the first cause of action for breach of contract without mentioning plaintiff's several, separate claims for commissions and whether they may still be viable despite termination of the parties' agreement. In any event, these claims are insufficiently pleaded (CPLR 3013), and plaintiff's submission in opposition to defendants' motion does not cure the defect. Accordingly, plaintiff is granted leave to amend its breach of contract cause of action solely as to the commission claims. The amended pleading should separately set forth each commission claim, including, but not limited to, the facts underlying each claim, the statute or contract provision on which each claim is based, the reason why each claim is viable despite the termination of the parties' agreement, and the amount sought on each claim.

However, plaintiff's remaining allegations for breach of contract are conclusory and belied by unambiguous language in the agreement providing for termination at will. That language negates any argument that defendants were required to give plaintiff a reason for the termination (*see Shapiro v Prudential Ins. Co. of Am.*, 81 AD2d 661, 662 [1981]). There is no merit to plaintiff's contention that the termination notice was ambiguous, and therefore ineffective, in that it requested plaintiff to continue to perform its duties under the agreement until the transition was completed; such finalization of arrangements cannot be construed as a condition precedent to the effectiveness of the termination (*see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 691 [1995]; *cf. Zuckerwise v Sorceron Inc.*, 289 AD2d 114, 114-115 [2001]). Nor is there merit to plaintiff's contention that the termination, if effective, was nullified by subsequent breaches of the agreement during the 90-day period after receipt of the notice of termination. While those alleged subsequent breaches may provide a basis for separate contract claims, they could not rescind or nullify a termination at will (*compare Tibbetts Contr. Corp. v O & E Contr. Co.*, 15 NY2d 324 [1965] [repudiation of agreement nullified by subsequent acceptance of benefits evincing an intent to revive agreement]).

The conversion cause of action, although properly setting forth the elements of that tort (*see Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]), was properly dismissed as merely seeking damages for breach of contract (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 306 [2003]). The Connecticut Franchise Act is not implicated in view of the New York choice-of-law clause and the fact that the agreement expressly governed business activities in New York only. We have considered plaintiff's causes of action for tortious interference with contract and prospective business relations, unjust enrichment, an accounting and breach of General Business Law § 349, and find that they do not state a cause of action. Leave to replead was otherwise properly denied for failure to submit a copy of the proposed pleading or demonstrate how it would cure the fatal deficiencies of the existing one (*see Seven Seventeen Corp. v JP Morgan Chase & Co.*, 32 AD3d 802 [2006]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Marlow and Catterson, JJ.