EASTERN EUROPEAN TRADING, CORP., Respondent, v CHRISTIAN KNAUST, Defendant, and LCEL COLLECTIBLES, INC., Appellant. [11 NYS3d 112]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered February 27, 2014, which, to the extent appealed from, granted plaintiff's motion for summary judgment dismissing defendant's first, second, third, fourth, fifth, and seventh affirmative defenses, unanimously affirmed, with costs.

Plaintiff commenced this action asserting claims for breach of contract, account stated, and quantum meruit to recover monies that defendant owed it under an agreement "for consulting services and commissions." Defendant denies that plaintiff ever performed any services for defendant.

The court properly dismissed defendant's affirmative defenses. Although there is no written agreement between the parties, the email communications in which defendant acknowledged owing money for "the Corte introduction" and "consulting business," and defendant's partial payment of $10,000 without objection to the $50,000 invoice for "Introcution[sic]/ Commission to Elcorte Ingles," supports a claim alleging the existence of a binding agreement between the parties (*Kolchins v Evolution Mkts., Inc.*, 128 AD3d 47 [1st Dept 2015]; *Newmark & Co. Real Estate Inc. v 2615 E. 17 St. Realty LLC*, 80 AD3d 476, 477 [1st Dept 2011]), as well as breach of the agreement by defendant. Such evidence also states a claim for an account stated (*see Shea & Gould v Burr*, 194 AD2d 369, 370 [1st Dept 1993]), and for quantum meruit (*see Farina v Bastianich*, 116 AD3d 546 [1st Dept 2014]).

As to the second affirmative defense, claiming fraud, waiver, estoppel, and unclean hands, the record does not show that defendant was induced to enter into the agreement due to misrepresentations by plaintiff (*see GoSmile, Inc. v Levine*, 81 AD3d 77 [1st Dept 2010], *lv dismissed* 17 NY3d 782 [2011]);

that plaintiff had intentionally relinquished its right to collect on the remaining $40,000 (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]; *Silverman v Silverman*, 304 AD2d 41, 46 [1st Dept 2003]); that plaintiff had misled defendant into a change of position to its detriment (*Nassau Trust Co.*, 56 NY2d at 184); or that plaintiff entered into the transaction with unclean hands (*National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15-16 [1966]).

The emails showing defendant's acknowledgment that it owed money for services, along with absence of evidence showing any objection to the invoice, demonstrates consideration (*see Roffe v Weil*, 161 AD2d 509, 510 [1st Dept 1990]), warranting dismissal of the third affirmative defense.

That the invoice reflected plaintiff as the issuer, and that defendant had in fact issued the check for partial payment to plaintiff as the payee, undermines the fourth affirmative defense which claims that plaintiff was not a proper plaintiff in this action and lacked standing to sue (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772 [1991]; *Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 279 [1st Dept 2006], *appeal dismissed* 8 NY3d 837 [2007]). We also note that the emails demonstrate the involvement of plaintiff's principal in the discussions concerning business opportunities with El Corte Ingles.

The record clearly negates defendant's fifth affirmative defense of full payment.

The above mentioned evidence also satisfies the Statute of Frauds (*see* General Obligations Law § 5-701 [b] [3] [d]; [4]; *Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 54 [1953]; *Newmark & Co. Real Estate Inc.*, 80 AD3d at 477), thus defeating the seventh affirmative defense. Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.