Eaton Vance Mgt. v Wilmington Sav. Fund Socy., FSB (2019 NY Slip Op 03143)





Eaton Vance Mgt. v Wilmington Sav. Fund Socy., FSB


2019 NY Slip Op 03143


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9095 654397/17 9094

[*1]Eaton Vance Management, et al., Plaintiffs-Appellants, Eaton Vance CDO X PLC, et al., Plaintiffs,
v
Wilmington Savings Fund Society, FSB, etc., et al., Defendants-Respondents, J. Crew Group, Inc., et al., Defendants.


Brown Rudnick, LLP, New York (Sigmund S. Wissner-Gross of counsel), for appellants.
Seward & Kissel, LLP, New York (Mark D. Kotwick of counsel), for Wilmington Savings Fund Society, respondent.
Kirkland & Ellis LLP, New York (Josh Greenblatt of counsel), for J. Crew International Cayman Limited, J. Crew Domestic Brand, LLC, J. Crew Brand Holdings, LLC, J. Crew Brand Intermediate, LLC and J. Crew Brand, LLC, respondents.



Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 25, 2018, which, to the extent appealed from, granted defendants J. Crew International Cayman Limited, J. Crew Domestic Brand, LLC, J. Crew Brand Holdings, LLC, J. Crew Brand Intermediate, LLC and J. Crew Brand, LLC's (collectively, J. Crew) motion to dismiss the fraud causes of action as against them, and granted defendant Wilmington Savings Fund Society, FSB's motion to dismiss the complaint as against it with prejudice, unanimously affirmed, with costs.
The motion court correctly found that the no-action clause in the amendment to the Term Loan Agreement (TLA) barred all but the breach of contract claims, which allege that all or substantially all of the TLA collateral was transferred without unanimous approval; claims alleging the transfer of substantially all of the collateral without unanimous approval are a specifically delineated exception to the no-action clause (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 43 [2018]; Beal Sav. Bank v Sommer, 8 NY3d 318, 332 [2007]). That the underlying factual basis for the fraud claims is the same disputed transaction underlying the contract claims does not bring the fraud claims within that narrow exception.
Pursuant to the exculpatory provision of the TLA, Wilmington Savings Fund Society, as administrative agent and collateral agent, cannot be held liable for any action taken by it at the request of the required lenders, absent bad faith (see SNS Bank v Citibank, 7 AD3d 352, 355 [1st Dept 2004]). Plaintiffs-appellants contend that the dismissal of the complaint as against Wilmington, i.e., a breach of contract claim, should be without prejudice. However, they do not allege bad faith or facts known or even suspected that would support a finding of bad faith, and they failed to demonstrate that they can cure that fatal deficiency (see Automobile Coverage, Inc. v American Intl. Group, Inc., 42 AD3d 405, 407 [1st Dept 2007]; Fletcher v Dakota, Inc., 99 [*2]AD3d 43, 56 [1st Dept 2012]; Gallant v Kanterman, 198 AD2d 76, 79 [1st Dept 1993]).
We have considered plaintiffs-appellants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK