■ JOSEF LEVY, Doing Business as J. AND SONS CONTRACTING, Respondent, v DAVID C. GOLD & COMPANY, REAL ESTATE, INC., Appellant.—In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Queens County (Leviss, J.), entered March 11, 1987, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $16,000.

Ordered that the judgment is affirmed, with costs.

Following a retrial *(see, Levy v Gold & Co., Real Estate,* 119 AD2d 554) the defendant contends on this appeal that it acted as an agent for S. G. Associates, a disclosed principal, and that the verdict is therefore contrary to the law and against the weight of the evidence. We disagree.

The trial court correctly charged the jury, as requested by the defendant, that an agent for a disclosed principal will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute his personal liability for that of his principal or to add his personal liability to that of his principal *(see, Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1, 4; *Mencher v Weiss,* 306 NY 1, 4; *Sweeney v Herman Mgt.,* 85 AD2d 34, 36-37).

This contract was addressed "To: S.G. Associates & David C. Gold & Co., Real Estate, Inc." but it was signed only by the

president of David C. Gold & Co., Real Estate, Inc. in the following manner:

"[President's Signature]

"David Gold & Co."

In addition, the defendant's president informed the plaintiff that he could look to the defendant for payment, and the plaintiff, who had dealt with defendant for the previous five years and relied on its good faith in meeting its contractual obligations, gave a $2,000 discount on the contract price. Accordingly, the record supports the jury's finding that the defendant intended to substitute its liability for that of its principal, S. G. Associates (see, Savoy Record Co. v Cardinal Export Corp., supra, at 4; cf., Martin Roofing v Goldstein, 60 NY2d 262, 264-265, cert denied 466 US 905; see also, Restatement [Second] of Agency § 146). Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.