■ TOBRON OFFICE FURNITURE CORPORATION, Respondent, v KING WORLD PRODUCTIONS, INC., et al., Appellants.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered July 21, 1989, which, *inter alia,* granted plaintiff's motion for summary judgment and awarded judgment against defendant King World Productions, Inc. in the amount of $49,000 and against defendant Intratec Group, Ltd. in the amount of $50,000, unanimously modified, on the law, to the extent of awarding plaintiff judgment against defendant King World Productions, Inc. in the amount of $99,000 and severing the cross claims and counterclaim of said defendant and the cross claims of defendant Intratec Group, Ltd. and, except as so modified, affirmed, without costs.

The essential facts of this dispute are uncomplicated. Defendant King World Productions, Inc. engaged Intratec Group, Ltd. to perform "certain architectural and design services with respect to King World's offices" located in Short Hills, New Jersey. Intratec contracted with plaintiff for office furniture which was shipped by plaintiff directly to King World's offices. Plaintiff's moving papers allege that $100,000 worth of furniture was delivered to King World out of a total order of

$135,632.64, the balance of which is being held in storage by plaintiff for King World's account.

King World, in its answering papers, does not deny partial delivery or allege that the value of the furniture is less than the $100,000 claimed by plaintiff, except to allege, without specification, that "some of the furniture which was delivered is defective" *(see,* UCC 2-605). The IAS court reduced the amount of partial summary judgment sought by $1,000, apparently to compensate for the alleged damage, an allowance which plaintiff does not contest on this appeal. King World's defense to plaintiff's claim is predicated entirely on the assertion that Intratec was not authorized to enter into any agreement with a vendor on King World's behalf. King World further claims that it "already paid $50,000 to Intratec for the furniture at issue in this litigation." Intratec, however, contends that this payment was for architectural and design services.

King World's allegations in opposition to plaintiff's motion are patently insufficient to defeat its summary judgment motion. It is clear that Intratec disclosed its capacity as agent for King World since all of the invoices from plaintiff are captioned "Intratec Group Ltd for: King World" *(see, Levy v Gold & Co.,* 119 AD2d 554, *appeal after remand* 141 AD2d 511, *lv denied* 73 NY2d 704). Therefore, in the absence of clear and explicit evidence to the contrary, the liability of the agent may not be substituted for or added to that of its disclosed principal *(Levy v Gold & Co.,* 141 AD2d 511, *supra).* It is obvious that an architectural firm engaged to furnish offices for a client possesses implied authority to purchase any necessary furnishings, except merchandise in which the client could not reasonably expect the architect to deal. Moreover, the conduct of the parties, particularly the absence of protest to the delivery of the furniture to King World's offices, is entirely consistent with Intratec's authority to purchase it on King World's behalf. Upon an improper delivery of goods a buyer may "(a) reject the whole; or (b) accept the whole; or (c) accept any commercial unit or units and reject the rest" (UCC 2-601). Rejection "must be within a reasonable time after their delivery or tender" (UCC 2-602 [1]), and any act inconsistent with the seller's ownership of the goods constitutes an acceptance (UCC 2-606 [1] [c]), including their retention without a seasonable notice of revocation of acceptance *(DiDomenico Packaging Corp. v Nails Again,* 139 Misc 2d 525). King World's acceptance of the goods ordered on its behalf is both consonant with a proper exercise of implied authority by Intratec and, in

addition, bars King World from any remedy for breach as against plaintiff (UCC 2-607 [3] [a]).

King World, in its pleadings in opposition to plaintiff's motion for partial summary judgment, suggests a number of possible issues of fact which might be raised by this case. It is well settled, however, that a party opposing summary judgment must "submit evidentiary facts or materials, by affidavit or otherwise * * * demonstrating the existence of a triable issue of ultimate fact" *(Indig v Finkelstein,* 23 NY2d 728, 729). As this court has stated, the opponent "is required to assemble, lay bare and reveal his proofs in order to show his defenses are real and capable of being established on trial *(Chemical Bank v Queen Wire & Nail,* 75 AD2d 999), and it is insufficient to merely set forth averments of factual or legal conclusions. *(Lerner Stores Corp. v Parklane Hosiery Co.,* 54 AD2d 1072.)" *(Machinery Funding Corp. v Loman Enters.,* 91 AD2d 528.) The failure to sufficiently demonstrate a material issue of fact requiring trial entitles plaintiff to an expedited determination of its claim for payment as to that merchandise actually delivered to and accepted by King World (UCC 2-201 [3] [c]; 2-606 [1]; *Di Sabato v Soffes,* 9 AD2d 297, 299). Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Rubin, JJ.