(April 25, 1994)

■ AIR TIGER EXPRESS (USA) INC., Respondent, v FARRELL FORWARDING CORPORATION, Appellant. [611 NYS2d 244] —In an action to recover for services rendered, the defendant appeals from (1) a decision of the Supreme Court, Queens County (Turret, J.H.O.), dated November 20, 1991 which, upon a nonjury trial, directed entry of judgment in favor of the plaintiff, and (2) a judgment of the same court, dated December 30, 1992, which is in favor of the plaintiff and against it in the principal sum of $82,732.10.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

For five years the plaintiff, a freight shipper, transported goods from overseas to New York for the defendant's clients.

The plaintiff sent its invoices for payment directly to the defendant, who paid on these invoices for the five years prior to this action. The defendant would bill the clients for both the plaintiff's and its services as a customs broker and then pay the plaintiff pursuant to a pre-existing agreement, which the defendant had undertaken.

The defendant contends on this appeal that it acted as an agent for its consignees, who were disclosed principals, and that the judgment holding the defendant liable to the plaintiff is therefore contrary to the law. We disagree.

The trial court correctly found that based upon the prior course of dealings between the parties, and the parties' conduct, the defendant, an agent for a disclosed principal, should be held personally bound, since it was clear that it was the defendant's intent to substitute its personal liability for that of its principals (see, Levy v Gold & Co., Real Estate, 141 AD2d 511).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.