■ ROBERT M. SPILKY, Plaintiff, v EFIK REALTY CORP. et al., Defendants. GOODMAN & OSIAS et al., Nonparty Appellants; PAUL SKLAR, Nonparty Respondent. [655 NYS2d 764] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered December 22, 1995, which confirmed the reports of two Referees and, insofar as appealed from, directed nonparty appellants, with the exception of Goodman & Osias, to pay outstanding receivership expenses in the amount of $21,116.69, and directed nonparty appellant Goodman & Osias to pay receiver's legal fees in the amount of $12,500 as sanctions for contempt, unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent of finding plaintiff as well as the specified nonparty appellants jointly and severally liable for the receivership expenses, and vacating that part of the order imposing legal fees as sanctions for contempt on Goodman & Osias, and otherwise affirmed, without costs.

The matter before us arises out of the receivership of premises on which two foreclosure actions were brought. Specifically, the appeal concerns compliance with a court order directing nonparty appellants to turn over rents and provide an accounting to the receiver, and the alleged contempt of nonparty appellant law firm Goodman & Osias with respect to said court order. In connection with the issue of contempt and the question of the receivership's expenses, two Referees were appointed. The IAS Court confirmed both reports but reduced the amount of legal fees to be paid by Goodman & Osias as contempt sanctions.

Under the particular circumstances presented, we find that all parties, with the exception of the law firm of Goodman & Osias, are liable for the unpaid receivership expenses. That is, plaintiff, who asked for the appointment of the receiver in the first instance, should be jointly and severally liable for said expenses along with nonparty appellants. We read the Referee's report to make this recommendation, and, while the court's written decision seems to suggest this result as well, the order states only that nonparty appellants are liable.

With respect to the legal fees imposed as contempt sanctions based on the finding that Goodman & Osias failed to render a proper accounting until December 1993, the record shows that the accounting deemed acceptable was in fact provided, albeit in two installments, as of October 1992. Indeed, the Referee's

report specifically notes that the "backup" documentation submitted for the first time in December 1993 was unnecessary for purposes of rendering the accounting adequate, while the receiver at all times has disputed that an acceptable accounting was ever submitted. Because we find that there was an acceptable accounting as of October 1992, Goodman & Osias did not display bad faith by failing to comply with the terms of the purge order until December 1993, and it was error for the Referee to assess legal fees against it as a penalty for such alleged delay. Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Mazzarelli, JJ.