■ GRG Group, Inc., Appellant, v Earl C. Ravenal et al., Respondents, et al., Defendants. GRG Group, Inc., et al., Counterclaim Defendants-Appellants, et al., Counterclaim Defendants. [668 NYS2d 352] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered January 18, 1996,

which, *inter alia*, granted defendants partial summary judgment on liability with respect to the counterclaims alleging, *inter alia*, fraud, breach of fiduciary duty and a violation of 18 USC § 1961 *et seq.* (Racketeer Influenced and Corrupt Organizations Act [RICO]), and dismissed the complaint, unanimously modified, on the law, to deny partial summary judgment on the RICO claim, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered December 28, 1995, unanimously dismissed, without costs.

Order, same court and Justice, entered on or about February 18, 1997, which, to the extent appealed from, denied appellants' motion to vacate the judgment entered January 18, 1996 based on a conflict of interest by the law firm of Mantell & Haskel and Kerry Gotlib, Esq., disqualify the law firm and that attorney, and renew their opposition to the prior motion for partial summary judgment on the counterclaims, unanimously affirmed, without costs.

The motion court properly granted summary judgment on the counterclaims alleging fraud and breach of fiduciary duty since assertions in opposition to the motion failed to raise any material issue of fact (*see, e.g., Tobron Off. Furniture Corp. v King World Prods.*, 161 AD2d 355, 357). For the same reason, the motion court properly granted summary judgment with respect to the $26,255.95 settlement check.

The motion court properly granted an interim award of $500,000 in management fees and brokerage commissions for the years 1991-1993, where the evidence demonstrated disloyalty during those years and there is no basis in the record for apportionment (*see, Soam Corp. v Trane Co.*, 202 AD2d 162, *lv denied* 83 NY2d 758; *Bon Temps Agency v Greenfield*, 184 AD2d 280, 281, *lv denied* 81 NY2d 759).

The motion court erred, however, in granting summary judgment on the RICO claim inasmuch as the record does not demonstrate that the RICO "enterprise" was distinct from the RICO "person" (*see, Riverwoods Chappaqua Corp. v Marine Midland Bank*, 30 F3d 339, 344, citing *Atkinson v Anadarko Bank & Trust Co.*, 808 F2d 438, 440-441, *cert denied* 483 US 1032). In light of the foregoing determination, we need not address the issue of whether the "continuity" requirement was met.

Finally, the motion court properly denied the motion to vacate, renew and to disqualify, since there was no evidence that the matters involved in both representations were substantially related or materially adverse (*see, Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131).

We have considered appellants' other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.