OPINION OF THE COURT
James H. Shaw, Jr., J.
Motion of Reed S. Grossman (Grossman) (1) relieving him from possession of the premises known as 613-615 Sterling Street, Brooklyn, New York; and (2) authorizing him to file his final accounting and to be formally discharged as receiver *167 within 45 days after service of this order, is granted. Gross-man’s motion to permanently enjoin respondents or tenants from taking any action to enforce any decisions against Reed Grossman or BPC Management Corporation (BPC), without first obtaining leave of this court, is likewise granted.
Grossman was appointed by this court as receiver of the buildings located at 613-615 Sterling Street in which a foreclosure action was commenced. Thereafter, Grossman retained BPC to manage the receivership properties. Grossman is seeking to enjoin the respondents and tenants from taking any action against him or against BPC.
Grossman states in his affidavit that he is seeking an order relieving him of possession of the subject premises on the ground that the income generated from the premises is insufficient to meet the current operating expenses. As a result, he has requested from the plaintiff sufficient funds to cover the existing deficit; however, the advance has not been forthcoming.
Plaintiff opposes the motion upon the ground that: (1) the owner of the premises and plaintiff are both actively soliciting buyers; therefore, it would make sense for the receiver, who is familiar with the premises, to continue as receiver until such time as the premises can be sold; (2) if it is true that the income generated from the premises is insufficient to meet current operating expenses, then it would be extremely difficult to find another receiver; and (3) the plaintiff will be harmed by the court’s discharging the receiver because operating expenses will remain unpaid and ultimately increase as there will be no new fund collected to either pay down the outstanding balance or to correct any future problems which may occur on the premises.
The City of New York (City) opposes Grossman’s motion insofar as it applies to BPC. The City states that under local law, the liability of a management company for code violations is personal — that is, it is independent of any liability on the part of the owner, receiver, trustee, executor or any other person or corporate entity in possession of the property.
The plaintiff in a foreclosure action, who requests the appointment of a receiver, is liable for the unpaid receivership expenses (Spilky v Efik Realty Corp., 238 AD2d 113). Language in the order appointing the receiver directing that “the managing agent be paid the reasonable value of its services ‘out of rent received,’ subject to confirmation by the court upon settlement of the account” does not bar an application pursuant to *168 CPLR 8004 (b) to charge expenses to the party who obtained, the receiver’s appointment if the receiver lacks funds to defray those costs (Litho Fund Equities v Alley Spring Apts., 94 AD2d 13, 15). Thus, pursuant to CPLR 8004 (b) and the cases cited herein, the court finds that plaintiffs failure to advance sufficient funds to the receiver to manage the property constitutes adequate grounds for discharging the receiver.
The City concedes that it may not bring an action for code enforcement against a court-appointed receiver; rather, it must obtain the prior permission of the court that appointed the receiver (Copeland v Salomon, 56 NY2d 222, 230-234; Independence Sav. Bank v Triz Realty Corp., 100 AD2d 613). However, the City contends that BPC is personally liable for violations of the Administrative Code of the City of New York in its capacity as managing agent. The City has not cited any statute or case law to support its contention that an action or proceeding may be brought against an agent of a court-appointed receiver without obtaining the permission of the appointing court. As a result, the City’s contention has no merit.
Parenthetically, the court notes that a managing agent will not be held personally liable for the actions of a disclosed principal “ ‘ “unless there is clear and explicit evidence of the agent’s intention to substitute or superadd his personal liability for, or to, that of his principal” ’ ” (Crimmins v Handler & Co., 249 AD2d 89, 91-92; Levy v Gold & Co., Real Estate, 141 AD2d 511; Trenga Realty v Tiseo, 117 AD2d 951).