Edelman Arts, Inc. v New York Art World, LLC (2021 NY Slip Op 02341)





Edelman Arts, Inc. v New York Art World, LLC


2021 NY Slip Op 02341


Decided on April 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 15, 2021

Before: Renwick, J.P., Gische, Moulton, Mendez, JJ. 


Index No. 652017/18 Appeal No. 13596 Case No. 2020-02896 

[*1]Edelman Arts, Inc., Plaintiff-Appellant-Respondent,
v
New York Art World, LLC Doing Business as Lio Malca, Defendant-Respondent-Appellant.


Franzino & Scher, LLC, New York (Frank J. Franzino, Jr. of counsel), for appellant-respondent.
Olsoff Cahill Cossu LLP, Ellenville (Paul Cossu of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered December 9, 2019, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment on its counterclaim for breach of contract, denied plaintiff's motion for summary judgment, and awarded defendant prejudgment interest from the date of commencement of the action, unanimously affirmed, without costs.
Defendant established prima facie that plaintiff breached the parties' contract by showing that plaintiff failed to pay for art that it purchased from defendant, despite having agreed to the invoice for payment on the date that it received it (see e.g. McFadyen Consulting Group, Inc. v Puritan's Pride, Inc., 87 AD3d 620, 621 [2d Dept 2011]; George S. May Intl. Co. v Thirsty Moose, Inc., 19 AD3d 721, 722 [3d Dept 2005]). Plaintiff failed to raise an issue of fact as to its claimed status as the agent of a disclosed principal (see Safety Envtl., Inc. v Barberry Rose Mgt. Co., Inc., 94 AD3d 969 [2d Dept 2012]). The record demonstrates that plaintiff sought to realize a profit on the resale of the artwork it had agreed to purchase from defendant. There is no support in the record for plaintiff's argument that it was given instructions as agent to "resell the artwork to the principal." Moreover, even if plaintiff had acted as an agent, it should still be held liable, because the record shows that it undertook the responsibility of paying the purchase price to defendant (see Weidman v Klot, 11 AD2d 641 [1st Dept 1960], lv denied 8 NY2d 710 [1960]; see also Air Tiger Exp. [USA] Inc. v Farrell Forwarding Corp., 203 AD2d 500, 501 [2d Dept 1994], lv denied 84 NY2d 806 [1994]).
Plaintiff had no right to cancel the agreement unilaterally, because it did not object to the invoice within 10 days of receipt (see Mulitex USA, Inc. v Marvin Knitting Mills, Inc., 12 AD3d 169, 170 [1st Dept 2004]). To the contrary, as indicated, plaintiff agreed to the invoice on the same day that it received it.
The date specified by the motion court as the date from which interest was to be computed is the "earliest ascertainable" under the circumstances of this case (see CPLR 5001[a]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2021